Nancy C. FRYE, Plaintiff–Appellant,

v.

PAINE, WEBBER, JACKSON & CURTIS, INC., etc., et al., Defendants–Appellees.

No. 88–1871.

United States Court of Appeals, Fifth Circuit.

July 18, 1989.

John A. Price, Winstead, McGuire, Sechrest & Minick, Dallas, Tex., for Nancy Frye.

William D. Sims, Jenkens & Gilchrist, Will Montgomery, Dallas, Tex., for Paine Webber.

Before JOLLY, HIGGINBOTHAM, and SMITH, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Nancy Frye brought suit against Paine Webber Jackson & Curtis Inc., Dean McGowan, Ken George, and Gary Bassett, asserting federal securities and pendent state law claims. After nearly two-and-a-half years, including extensive discovery and an aborted trial, defendants moved to compel arbitration of Frye's claims. Frye opposed this motion, arguing *inter alia* that defendants had waived their right to seek arbitration by participating in judicial proceedings. The district court granted defendants' motion, holding that any attempt to compel arbitration of Frye's claims before the Supreme Court's rejection of the "intertwining" doctrine in *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985) would have been "futile." The court denied Frye's motion for reconsideration and later confirmed the arbitrators' decision to dismiss her claims. We reject the district court's conclusion that the doctrine of intertwining rendered earlier attempts to compel arbitration "futile," and hold that defendants waived their right to arbitration by failing to move to compel arbitration during approximately two-and-a-half years of judicial proceedings. We therefore reverse the district court's decision and remand for trial.

I

Frye opened a securities account with Paine Webber in June 1982, signing an agreement which provided that any controversy between the parties would be settled by arbitration. In June 1983, Frye sued Paine Webber and two of its employees, Ken George and Dean McGowan, claiming that she lost over one million dollars in profits due to mismanagement of her account. She asserted violations of section 10(b) of the Securities and Exchange Act of

1934 and various pendent state law claims. She also brought claims under various provisions of the Securities Act of 1933, which she later voluntarily dismissed.

Despite their agreement to arbitrate, defendants never asserted any right to arbitration. Following over a year-and-a-half of discovery and other pretrial activity, trial commenced before Judge Taylor. At the close of Frye's case-in-chief, Judge Taylor granted the Paine Webber defendants' motion for directed verdict, and the case proceeded against a remaining defendant. Judge Taylor, however, later declared a mistrial and set aside the directed verdict. The case was then transferred to Judge Fish.

In April 1985, defendants demanded arbitration based on the Supreme Court's recent decision in *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985) (rejecting doctrine of intertwining and holding that arbitrable pendent claims must be arbitrated). In November 1985, they moved to compel arbitration. Frye opposed the motion, arguing that defendants had waived any right to arbitration by participating fully in discovery and trial without demanding arbitration. The trial court granted defendants' motion, staying all proceedings pending arbitration.[1] The district court ruled that any attempt to compel arbitration of Frye's claims prior to *Byrd* would have been "futile" and that defendants had promptly moved for arbitration after that decision. The court later denied Frye's motion for reconsideration. A panel of arbitrators denied Frye relief. The trial court confirmed the arbitrators' decision and dismissed Frye's claims.

## II

On appeal, Frye contends that the trial court erred by compelling arbitration of her claims. She argues that the Paine Webber defendants waived their right to arbitration by their participation in judicial proceedings.

A trial court's finding that a party has waived its right to arbitration is subject to *de novo* review, but the factual findings underlying that conclusion may not be overturned unless clearly erroneous. *Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156, 1159 (5th Cir.1986). Despite the strong federal policy favoring arbitration, the right to arbitration may be waived. *Price*, 791 F.2d at 1158 (*citing Miller Brewing Co. v. Fort Worth Distributing Co., Inc. (FWDC)*, 781 F.2d 494, 497 (5th Cir.1986) and *Sedco, Inc. v. Petroleos Mexicanos Mexican National Oil Co. (Pemex)*, 767 F.2d 1140, 1150 (5th Cir.1985). While the party claiming waiver has a heavy burden, " 'waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party.' " *Price*, 791 F.2d at 1158 (*quoting Miller Brewing Co.*, 781 F.2d at 497). "Prejudice to the party opposing arbitration, not prejudice to the party seeking arbitration, is determinative of whether a court should deny arbitration on the basis of waiver." *Price*, 791 F.2d at 1162.

In the instant case, the trial court made no findings as to whether Frye was prejudiced, but held that no waiver had occurred because "prior to the *Byrd* decision, a motion to compel arbitration would have been 'futile.' " We later rejected this argument in *Price*, 791 F.2d at 1162–63.

> We do not accept Drexel's contention that such a motion would have been futile, and therefore, that a finding of waiver is unjustified in this case. * * * Drexel's argument is undercut by the *Byrd* decision itself, since the decision would never have reached the Supreme Court but for the defendant's insistence on arbitration in the face of the intertwining doctrine. Moreover, Drexel's futility argument assumes that the Prices would have objected to arbitration had it been raised *ab initio*.

*Id.* at 1163. *But see Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694–97 (9th

---

**1.** The court stayed Frye's claims against Bassett, which are still pending and are not part of this appeal. The court also stayed Frye's claims against the Paine Webber defendants under Section 12(2) of the Securities Act of 1933. Frye later dismissed those claims voluntarily.

Cir.1986) (failure to move to compel arbitration during three-and-a-half years of pretrial activity did not constitute waiver since arbitration agreement was unenforceable prior to *Byrd*). The district court erred by finding that the intertwining doctrine rejected in *Byrd* justified defendants' delay in seeking arbitration of Frye's claims.

■ "While the mere failure to assert the right of arbitration does not alone translate into a waiver of that right ... such failure does bear on the question of prejudice, and may, along with other considerations, require a court to conclude that waiver has occurred." *Price*, 791 F.2d at 1161. Both delay and the extent of the moving party's participation in judicial proceedings are material factors in assessing a plea of prejudice. *Id.*

In *Price*, we held that plaintiffs had been sufficiently prejudiced by defendant's seventeen-month delay in seeking arbitration, including the time and expense in responding to discovery and a motion for summary judgment, to conclude that defendants had waived their contractual right to arbitration. *Price*, 791 F.2d at 1160–62.[2] *See also Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc.*, 817 F.2d 250 (4th Cir. 1987) (sufficient prejudice to support waiver where brokerage firm delayed four-and-one-half years before seeking arbitration, two trial dates had passed, and opposing party was required to respond to motion for partial summary judgment and three motions to dismiss). *But see Rush v. Oppenheimer & Co.*, 779 F.2d 885 (2d Cir. 1985) (insufficient prejudice to support waiver where securities firm delayed eight months in seeking arbitration, filed answer, moved to dismiss claims, and conducted discovery); *Fisher*, 791 F.2d at 698 (insufficient prejudice to support waiver where brokerage firm delayed three-and-a-half years before seeking arbitration, filed pretrial motions, and engaged in extensive discovery); *Page v. Moseley, Hallgarten, Es-tabrook & Weeden*, 806 F.2d 291 (1st Cir. 1986) (insufficient prejudice to support waiver where brokerage firm delayed one year before moving to compel arbitration and only prejudice incurred was time and expense of discovery).

■ Defendants contend that *Price* is distinguishable because Price had been subjected to the burden of defending against a motion for summary judgment before Drexel moved to compel arbitration. Defendants' attempt to distinguish *Price* is unpersuasive, particularly in ignoring the fact that Frye has incurred the time and expense of an aborted trial.

Frye argues that she was prejudiced by (1) defendants' use of judicial discovery procedures not available in arbitration; (2) substantial attorneys' fees and costs incurred during pretrial proceedings and an aborted trial; (3) the time and expense of defending against defendants' claims for affirmative relief, including a cross-claim and a motion for directed verdict; and (4) the passage of approximately two-and-a-half years time. In light of these undisputed facts, we hold that Frye was sufficiently prejudiced by defendants' participation in discovery and trial to conclude that defendants waived their contractual right to arbitration. We therefore reverse the trial court's decision compelling arbitration of Frye's claims and remand for trial.

REVERSED AND REMANDED.

---

2. The trial court found that Drexel had "initiated extensive discovery, answered twice, filed motions to dismiss and for summary judgment, filed and obtained two extensions of pre-trial deadlines, all without demanding arbitration." The court concluded that the "mounting attor-neys fees," "seventeen month delay," and "disclosure which has resulted from the numerous depositions and production of documents" constituted sufficient prejudice to find that Drexel had waived its right to compel arbitration. 791 F.2d at 1159.