William G. WALKER and Sandra O. Walker, Plaintiffs–Appellees,

v.

J.C. BRADFORD & CO., Defendant–Appellant.

Milburn L. BRYANT, Mary C. Bryant and Sandra L. Bryant, Plaintiffs–Appellees.

v.

J.C. BRADFORD & CO., Defendant–Appellant

Nos. 90–1744, 90–1745.

United States Court of Appeals, Fifth Circuit.

July 30, 1991.

Kenneth H. King, Jr., Patricia Head Moskal, Boult, Cummings, Conners & Berry, Nashville, Tenn., for defendant-appellant.

Charles W. Austin, Jr., Marvin A. Rosman, Marvin Alan Rosman & Assoc., Richmond, Va., Stanley M. Chernau, Denney, Lackey & Chernau, Nashville, Tenn., for plaintiffs-appellees.

Before BROWN, KING and GARWOOD, Circuit Judges.

KING, Circuit Judge:

Plaintiffs seek damages for various state securities law violations that the defendant allegedly committed. Thirteen months after plaintiffs filed suit, defendant filed a motion to compel arbitration and to stay proceedings. The district court denied the defendant's motion on the ground that defendant had waived its right to arbitration. Finding that the district court erred, we reverse and remand with instructions to the district court to grant defendant's stay motion so that the parties may pursue this case in an arbitral forum.

## I.

Plaintiffs began this case in state court,[1] alleging violations of various state laws. The case was removed to federal court and, once there, defendant J.C. Bradford & Co. (Bradford) served plaintiffs with several preliminary interrogatories and requested that plaintiffs produce certain documents.

About ten months later, plaintiffs responded to the request for documents; they never answered the interrogatories. Bradford subsequently answered the complaint.

The district court entered an amended scheduling order which provided for completion of discovery, but later amended this to move the date back. After the parties held an initial pretrial conference, the court issued a third amended scheduling order. The court also granted plaintiffs permission to extend the time during which they could respond to Bradford's discovery requests.

After plaintiffs moved to transfer their suit to the United States District Court for the Middle District of Tennessee, Bradford filed a motion to compel arbitration and to stay proceedings, which the district court denied. The court found that Bradford, by using the court's judicial resources and process, had waived its right to arbitration. Bradford now appeals this order. We have jurisdiction over this interlocutory appeal because the district court ruled against enforcing an arbitration clause. *See Purdy v. Monex Int'l, Ltd.,* 867 F.2d 1521, 1523 (5th Cir.) (per curiam), *cert. denied,* — U.S. —, 110 S.Ct. 180, 107 L.Ed.2d 136 (1989) ("appeals may not be taken from interlocutory district court orders that favor arbitration over litigation, although orders with the contrary result may be appealed").

## II.

Bradford requests that we reverse the judgment of the district court. The district court ruled that Bradford, by positively invoking federal court procedures, waived its right to arbitrate these claims. "The question of what constitutes a waiver of the right of arbitration depends on the facts of each case," *Tenneco Resins, Inc. v. Davy Int'l, AG,* 770 F.2d 416, 420 (5th Cir.1985), and we review the factual foundation underlying the question of waiver under the clearly erroneous stan-

---

1. There are actually two cases involved in this appeal, one filed by Milburn, Mary and Sandra Bryant against J.C. Bradford & Co., and the other filed by William and Sandra Walker against J.C. Bradford & Co. The cases have been consolidated on appeal because they involve the same appellate issue, and they are treated herein as one case.

dard. We do review the waiver finding itself, however, de novo. *Frye v. Paine, Webber, Jackson & Curtis, Inc.,* 877 F.2d 396, 398 (5th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1318, 108 L.Ed.2d 493 (1990).

■ "Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." *Miller Brewing Co. v. Fort Worth Distrib. Co.,* 781 F.2d 494, 497 (5th Cir.1986). In general, we hesitate to find that a party has waived its contractual right to arbitration. Accordingly, we indulge a presumption against finding waiver. A party asserting waiver thus bears a heavy burden of proof in its quest to show that an opponent has waived a contractual right to arbitrate.[2]

In the instant case, we are well aware that Bradford now seeks to arbitrate a claim despite its earlier use of the district court's processes. In general, we do not look kindly upon parties who use federal courts to advance their causes and then seek to finish their suits in the alternate fora that they could have proceeded to immediately. Such actions waste the time of both the courts and the opposing parties. The decision whether to arbitrate is one best made at the onset of the case, and not part of the way through as Bradford seeks today. The attempt of Bradford's attorneys to switch judicial horses in midstream either shows poor judgment, if planned, or poor foresight, if not.

Nonetheless, we are compelled to grant Bradford's wish that it be allowed to pursue its claim in an arbitral forum. We confronted a similar situation in *Tenneco,* in which we reversed the lower court's denial of a motion to compel arbitration on the ground that the movant had waived its right to arbitration. While the case does not completely mandate our result based on its facts, its teaching on prejudice provides

us with a clear signpost, and we today follow its framework to its logical result.

In *Tenneco,* the defendants had filed an answer, interrogatories, and a request for document production, moved for a protective order, and agreed to a joint motion for a continuance requesting an extension of the discovery period. The defendants then decided to seek resolution in an arbitral forum. We reversed the decision of the district court, stating that

[w]hile it is true that [the defendants] waited almost eight months before moving that the district court proceedings be stayed pending arbitration, and, in the meantime, participated in discovery, this and other courts have allowed such actions as well as considerably more activity without finding that a party has waived a contractual right to arbitrate.

*Id.* at 420–21. Because the movant in *Tenneco* invoked the judicial process to approximately the same extent as did Bradford in the instant case, we follow the lead of the *Tenneco* court by directing the district court to send the instant case to arbitration.

The plaintiffs believe that *Price* is a more fitting model for us to follow than *Tenneco.* We disagree. In *Price,* we affirmed the lower court's finding that the party moving to compel arbitration had waived its right to arbitration. In that case, the district court found that the movant "initiated extensive discovery, answered twice, filed motions to dismiss and for summary judgment, filed and obtained two extensions of pre-trial deadlines, all without demanding arbitration." *Price,* 791 F.2d at 1159. Our holding today does not conflict with this case, as the movant in *Price* invoked the judicial process to a significantly greater degree than did Bradford. The district court actions in the instant case, after all, mainly were routine scheduling orders and discovery continuances. Bradford did not ask the court to make any judicial decisions, for example,

---

2. *See Lawrence v. Comprehensive Business Servs. Co.,* 833 F.2d 1159, 1164–65 (5th Cir. 1987); *Price v. Drexel Burnham Lambert, Inc.,* 791 F.2d 1156, 1158 (5th Cir.1986); *Miller,* 781

F.2d at 496–97; *Tenneco,* 770 F.2d at 420; *Sibley v. Tandy Corp.,* 543 F.2d 540, 542 (5th Cir.1976), *cert. denied,* 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977).

by requesting summary judgment, as did the movant in *Price.*

■ We also ascribe far less weight than do plaintiffs to two other factors that might mandate a different result. First, the two-year lapse between the occurrence of the events prompting this suit and the filing of the motion to compel arbitration is not determinative. Pre-suit inactivity does not invoke the judicial process and cannot support a finding of waiver. *See General Guar. Ins. Co. v. New Orleans Gen. Agency, Inc.,* 427 F.2d 924, 928 (5th Cir.1970).

■ Second, the district court cited Bradford's attempts at settlement as evidence of pre-trial activity supporting a finding of waiver. Attempts at settlement, however, are not inconsistent with an inclination to arbitrate and do not preclude the exercise of a right to arbitration. *See Southwest Indus. Import & Export, Inc. v. Wilmod Co.,* 524 F.2d 468, 470 (5th Cir.1975) (per curiam). Offers to settle, like arbitration, are to be favored, as they encourage the amicable and quick settlement of suits outside the judicial system.

We sympathize with plaintiffs' exasperation that Bradford now is seeking arbitration following a thirteen-month delay. We note, however, that Bradford was not entirely responsible for the delay, and that the minimal discovery that has occurred in federal court did not prejudice plaintiffs. "[W]hen only a minimal amount of discovery has been conducted, which may also be useful for the purpose of arbitration, the court should not ordinarily infer waiver based upon prejudice to the party opposing the motion to stay litigation." *Tenneco,* 770 F.2d at 421. What little discovery was propounded by Bradford either never was answered by plaintiffs or still will be relevant when the suit proceeds in arbitration.[3]

■ " 'While the mere failure to assert the right of arbitration does not alone translate into a waiver of that right ... such failure does bear on the question of

prejudice, and may, *along with other considerations,* require a court to conclude that waiver has occurred.' " *Frye,* 877 F.2d at 399 (emphasis added) (quoting *Price,* 791 F.2d at 1161). Balancing all the considerations, plaintiffs simply have not presented enough evidence that Bradford's delay materially prejudiced them. Because "waiver of an arbitration right will not be lightly inferred without some showing of prejudice," *Valero Refining, Inc. v. M/T Lauberhorn,* 813 F.2d 60, 66 (5th Cir.1987), plaintiffs' failure to bring forth more than generalized protestations about the costs of delay are insufficient to overcome the strong federal presumption in favor of arbitration. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).

We recognize that Bradford simply may be requesting arbitration so that it might further delay these proceedings. In *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 1242, 84 L.Ed.2d 158 (1985), however, the Supreme Court expressly "reject[ed] the suggestion that the overriding goal of the Arbitration Act was to promote the expeditious resolution of claims.... [P]assage of the Act was motivated, first and foremost, by a congressional desire to enforce agreements into which parties had entered."

■ The only relevant issue is whether Bradford's delay waived its contractual rights. This issue is evaluated objectively, independent of motivation. The question simply is whether Bradford still retains a right to invoke its arbitration agreement. If so, it can for whatever reason; if not, then it cannot, no matter how pure its motives.

Today, although Bradford may act late, it acts in time, for its actions in federal court were not so substantial as to mandate that we overcome the legal presumption that parties who contracted for arbitration should be allowed to arbitrate. Ac-

---

**3.** Furthermore, we would be more likely to find that plaintiffs were prejudiced by the discovery that occurred in this case if the discovery work product revealed items that would not be discoverable in arbitration proceedings. *See Frye,*

877 F.2d at 399; *Price,* 791 F.2d at 1159; *Miller,* 781 F.2d at 498. Plaintiffs, however, could not have suffered this type of prejudice, since they never responded to Bradford's discovery requests.

cordingly, we REVERSE the judgment of the district court and REMAND with instructions to the district court to grant Bradford's motion for a stay so that this case may proceed to arbitration, in accordance with the parties' contract. Costs shall be borne by Bradford.