COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

                                                                                                                     


 

                                   NUMBER
13-02-185-CV

 

IN RE: MONY SECURITIES CORP.,                                        Relators.

                                                                                                                     


 

                                   NUMBER
13-02-182-CV

 

MONY SECURITIES CORP.,                                         Appellant,

 

                                                   v.

 

JOHN DURHAM,                                                        Appellee.

                                                                                                                                      


 

                          On Petition for
Writ of Mandamus and

      on
appeal from the 214th District Court of Nueces County, Texas.

                                                                                                                      

 

                                   O P I N I O N

 








                     Before Justices
Hinojosa, Yañez, and Castillo

                                   Opinion by
Justice Yañez                                                   

 

In these consolidated proceedings, MONY
Securities Corporation complains of the trial court's denial of its motion to
compel arbitration and to stay litigation, which invoked the Federal
Arbitration Act (FAA).[1]  We dismiss MONY=s
interlocutory appeal, but conditionally grant their request for mandamus
relief.

                                                   BACKGROUND








In 1995, John Durham opened an investment
account with MONY, for the purposes of buying and selling financial
securities.  Included in the new account
form which Durham signed, is an agreement to arbitrate any controversy between
Durham and MONY.  On November 30, 1998,
Durham filed suit against MONY and Mark Kemp, a broker formerly associated with
MONY, for damages resulting from misrepresentations made in connection with the
sale of stock to Durham.  Durham=s petition raised claims of common law
fraud, violations of the Texas Securities Act,[2]
negligence, statutory fraud, and civil conspiracy.  In December 1998, MONY answered the lawsuit
and paid a jury fee.  Thereafter, between
1999 and 2001, MONY engaged in discovery by serving requests for disclosure,
one set of requests for production,  and one set of interrogatories on
Durham.  Additionally, depositions of
several employees and representatives of MONY were taken in a related case and
a notice of those depositions for use in Durham=s
case was also served.

On August 8, 2001, the trial court held a
telephonic docket control conference and the case was set for trial on the jury
docket for April 22, 2002.  On August 17,
2001, MONY filed a motion to compel arbitration and stay Durham=s claims against MONY.  The trial court denied MONY=s motion without prejudice to the refiling
of same, noting that MONY had not provided a complete copy of the arbitration
agreement.  On October 15, 2001, MONY
filed a motion for reconsideration of its motion to compel arbitration, and
provided the trial court with a complete copy of the arbitration
agreement.  On March 8, 2002, the trial
court denied MONY=s motion for reconsideration.  On March 27, 2002, MONY timely perfected an
interlocutory appeal, 
and on April 1, it filed a petition for writ of mandamus with
this Court.  Thereafter, on April 15,
2002, Durham filed his response to MONY=s petition for writ of mandamus.  Additionally, all briefing has been completed
in the interlocutory appeal.  After
considering the briefs and filings of both parties, we have determined that
oral argument would not significantly aid the Court in determining the legal
and factual issues presented in this appeal. 
Tex. R. App. P. 39.8.

                                             APPROPRIATE
REMEDY








When an arbitration agreement is governed
by the Texas Arbitration Act,[3]
a trial court=s order denying a motion to compel
arbitration may be reviewed by interlocutory appeal.  Tex.
Civ. Prac. & Rem. Code Ann. ' 171.098(a)(1)
(Vernon Supp. 2002).  However, mandamus
is the appropriate remedy when a trial court improperly denies a motion to
compel arbitration pursuant to the FAA.  EZ
Pawn Corp. v. Mancias, 934 S.W.2d 87, 91 (Tex. 1996); J.M. Davidson,
Inc. v. Webster, 49 S.W.3d 507, 510 (Tex. App.BCorpus Christi 2001, orig.
proceeding).  The arbitration agreement
in the present case does not specifically invoke either the FAA or the Texas
Arbitration Act, and the trial court made no finding as to which act applies.

The FAA governs an arbitration agreement
contained in Aa contract evidencing a transaction
involving commerce . . . .@  9 U.S.C. ' 2
(2000).  This statute has been
interpreted as being coextensive with the reach of the Commerce Clause of the
United States Constitution.  Allied-Bruce
Terminix Co. v. Dobson, 513 U.S. 265, 272-81 (1995); In re L & L
Kempwood Assocs., 9 S.W.3d 125, 127 (Tex. 1999) (per curiam).  A contract Aevidences
a transaction involving commerce@ if it involves interstate commerce.  Allied-Bruce, 513 U.S. at
277-81.

In the instant case, Durham signed a
customer agreement and disclosure statement, contained in the new account form,
which included, inter alia, an arbitration agreement.  In said customer agreement, Durham also
appointed MONY as his agent for the purpose of carrying out his directions with
respect to the sale or purchase of securities. 
The agreement further provided that Durham understood and agreed that
MONY could use its discretion in deciding in which market to enter Durham=s orders for securities.  Finally, the record reflects that MONY is a
New York corporation, while Durham and Kemp are residents of Texas.








We find that MONY met its burden to show
that the customer agreement between MONY and Durham relating to securities
transactions evidenced a Atransaction involving commerce@ as that phrase has been judicially
defined and interpreted.  See Allied-Bruce,
513 U.S. at 281.  The contract in Allied-Bruce
evidenced a transaction involving interstate commerce, in part, because the
parties resided in different states.  Id. at 282. 
The parties to the contract in the instant case also reside in different
states B New York and Texas B and the purchase and sale of securities
was to be done in various markets by a Texas broker and a New York corporation
for a Texas customer.  The contract here
thus involves interstate commerce.[4]  See Kempwood, 9 S.W.3d at 127
(holding that arbitration agreement involved interstate commerce where renovation
work on Houston apartments was to be done by a Texas business for Georgia
owners); see also Capital Income Props.-LXXX v. Blackmon, 843 S.W.2d 22,
23 (Tex. 1992) (per curiam) (AThe undisputed facts of this case
establish the applicability of the [FAA]: citizens from a number of different
states have purchased interests from a business entity in one state for the
purpose of carrying out a commercial venture in another state.@). 
Accordingly, we will address MONY's petition for writ of mandamus, and
DISMISS its interlocutory appeal.REVIEW OF TRIAL COURT=S ORDER








MONY argues that the trial court abused
its discretion in denying MONY=s motion to compel arbitration.  Durham responds that MONY=s mandamus request must be denied because
MONY has waived arbitration.[5]  Specifically, Durham argues that arbitration
was waived because MONY substantially invoked the judicial process, and
arbitration, at this late date, would prejudice Durham.

 AA party seeking to compel arbitration must
establish the existence of an arbitration agreement and show that the claims raised fall within the scope of that agreement.@  In
re Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 573 (Tex. 1999) (per
curiam); Davidson, 49 S.W.3d at 511.  Once a party establishes a claim within the
scope of the arbitration agreement, the trial court must compel arbitration and
stay its own proceedings, unless the party opposing arbitration meets its
burden of presenting evidence that prevents enforcement.  Oakwood, 987 S.W.2d at 573; Cantella & Co.,
Inc. v. Goodwin, 924 S.W.2d 943, 944 (Tex. 1996) (per curiam).








Whether a party's conduct waives its
arbitration rights under the FAA is a question of law.  In re Bruce Terminix Co.,
988 S.W.2d 702, 703 (Tex. 1998). 
There exists a strong presumption against the waiver of contractual
arbitration rights.  Id.
at 704; Prudential Sec., Inc. v. Marshall, 909 S.W.2d 896, 898 (Tex.
1995).  The party seeking to prove
waiver bears a Aheavy burden of proof@ to establish waiver of arbitration
rights.  See In re Bruce Terminix Co.,
988 S.W.2d at 705. 
AWaiver of an arbitration right must be
intentional.@  EZ
Pawn Corp., 934 S.W.2d at 89.  A party's actions may be sufficient to imply
waiver, but the facts must demonstrate that the party invoking arbitration
intended to waive its arbitration right. 
Id.  AWaiver in cases where litigation has begun
will be found only when the party seeking to enforce the agreement
substantially invokes the judicial process to the other party's detriment.@  Id.  Furthermore, absent an agreement to the
contrary, Aa party against whom a claim is asserted
does not waive its right to arbitrate by failing to initiate arbitration of
that claim.@  In
re Bruce Terminix, 988 S.W.2d at 706.

Accordingly, in order to establish waiver
of arbitration in the present case, Durham was required to prove that MONY substantially
invoked the judicial process, and that Durham suffered prejudice as a
result thereof.  Id. at
704; Prudential
Sec., 909 S.W.2d at 898-99.  The type of Aprejudice@ the courts focus on is the use of the
judicial process by one party to access information that is not discoverable in
arbitration.  In re Bruce Terminix,
988 S.W.2d at 704 (citing Walker v. J. C. Bradford & Co., 938 F.2d
575, 578 n.3 (5th Cir. 1991)).  The rule is that Awhen only a minimal amount of discovery
has been conducted, which may also be useful for the purpose of arbitration,
the court should not ordinarily infer waiver based upon prejudice.@ Id. (quoting Tenneco Resins, Inc.
v. Davy Int'l, 770 F.2d 416, 421 (5th Cir. 1985)); In re Nasr, 50
S.W.3d 23, 27 (Tex. App.BBeaumont
2001, orig. proceeding). 








In the instant case, the record before us
indicates that Durham responded to one set of interrogatories, one set of
requests for disclosure, and one set of requests for production.  Additionally, the record reveals that
depositions of five of MONY=s employees or representatives were
noticed.  Durham argues that he was
prejudiced by this discovery because he provided MONY with specific factual
information concerning his claims against MONY. 
Durham contends that MONY would not have been able to obtain this
information through the limited discovery procedures allowed in arbitration.








The arbitration agreement in the present
case provides that arbitration is to be conducted under the provisions of the
Code of Arbitration Procedures of the National Association of Securities
Dealers, Inc., (ANASD@). 
NASD is a private, independent, self-regulating organization.  Cantella, 924 S.W.2d at 945 (citing Mueske
v. Piper, Jaffray & Hopwood, Inc., 859 P.2d 444, 448-49 (Mont.
1993)).  NASD=s rules are reviewed and approved by the
Securities and Exchange Commission (ASEC@). 
15 U.S.C. ' 78o-3 (2000) ; Cantella
& Co., 924 S.W.2d at 945.  The
SEC has approved rules which formalize discovery and provide arbitrators with a
discovery guide in NASD arbitrations. 
Self-Regulatory Organizations, Exchange Act Release No. 34-41822, 64
Fed. Reg. 49256 (September 2, 1999); Self-Regulatory Organizations, Exchange
Act Release No. 34-26805, 54 Fed. Reg. 21144 (May 16, 1989); see also Russo
v. Simmons, 723 F. Supp. 220, 223 (S.D.N.Y. 1989).  Under current NASD rules, parties may depose
witnesses, request documents, and request information.  See NASD Code of Arbitration Procedure
Rule 10213 (providing for pre-hearing depositions), & 10321(a) (providing
for requests for documents and request for information).  Further, the involvement of the arbitrator
and the use of a prehearing conference contemplates
that all relevant material will be exchanged. 
54 Fed. Reg. at 21149-50;
NASD Code of Arbitration Procedure Rule 10321.  We find that the information gathered by
MONY, through its discovery requests, would likely be discoverable under NASD=s arbitration rules.  Accordingly, we find that Durham was not
prejudiced through MONY=s discovery requests.

With regard to the depositions which were
taken, we recognize that depositions are discouraged under the NASD Discovery
Guide, and therefore, MONY=s opportunity to take depositions in the
arbitration proceedings would likely be limited.  However, we note that the depositions of MONY=s employees and representatives were
noticed by Durham=s counsel. 
Durham has not demonstrated how he has been prejudiced by his
examination of MONY=s representatives.[6]  Accordingly, we find that Durham=s  deposing of MONY=s employees is insufficient to infer waiver
of MONY=s arbitration rights.  In re Bruce Terminex,
988 S.W.2d at 704.








Durham also contends that MONY
substantially invoked the judicial process, to Durham=s detriment, by requesting that Durham
amend his pleadings, and by paying the jury fee.  We disagree. 
MONY did not file any special exceptions with the trial court.  Instead, counsel for MONY asked Durham to
amend his petition, and represented it would file special exceptions only if
Durham did not comply.  Durham
voluntarily amended his pleadings.  We
find that MONY=s actions, in this regard, do not
constitute an invocation of the judicial process.  However, MONY did pay the jury fee in the
present case, which is inconsistent with its right to arbitrate.  Nationwide of Bryan, Inc. v. Dyer, 969
S.W.2d 518, 522 (Tex. App.BAustin 1998, no pet.).  Notwithstanding MONY=s payment of the jury fee, Durham has
failed to show how this action has prejudiced him.  Accordingly, we find that MONY=s payment of the jury fee is insufficient
to infer waiver of arbitration rights.  In re Bruce Terminex, 988 S.W.2d at 704.

Finally, Durham contends that he will be
prejudiced if arbitration is compelled at this point in the judicial process
because, Athe parties will lose the opportunity to
have this case resolved . . . in the near future.@  In essence, Durham contends that he has been
prejudiced by MONY=s delay in seeking arbitration.  We disagree. 
Durham has failed to produce any evidence of prejudice resulting from
the delay; instead, Durham relies solely on the length of delay as a basis for
inferring waiver.  AA party does not waive a right to
arbitration merely by delay; instead, the party urging waiver must establish
that any delay resulted in prejudice.@  Prudential
Sec., 909 S.W.2d at 898-99.  We find that Durham has failed to meet his
burden of showing prejudice resulting from the delay.








In light of the preceding analysis, we
find that Durham has failed to demonstrate that MONY substantially invoked the
judicial process to Durham=s detriment.  EZ Pawn, 934 S.W.2d
at 89.  We conclude that the trial
court abused its discretion by denying MONY's motion to compel arbitration and
to stay litigation.  AA party erroneously denied the right to
arbitrate under the FAA has no adequate remedy on appeal, and mandamus relief
is appropriate.@  Oakwood, 987 S.W.2d at 574-75. 
Accordingly, we CONDITIONALLY GRANT the petition for
writ of mandamus.  We are
confident that the trial court will grant MONY's motions to stay the
proceedings and compel arbitration.  We
will instruct the Clerk to issue the writ only if the trial court fails to do
so.

                                                  


LINDA REYNA YAÑEZ

Justice

 

 

Do not publish.  Tex. R. App. P. 47.3.

 

Opinion delivered and filed this the

18th day of July, 2002.











[1]  9 U.S.C. ''
1-16 (2000).





[2] Tex. Rev. Civ. Stat. Ann. arts. 581-1 to 581-43 (Vernon
1964 & Supp. 2002).





[3] Tex. Civ. Prac. & Rem. Code Ann. '' 171.001 - 171.098
(Vernon Supp. 2002).





[4] Durham does not
controvert MONY=s evidence regarding
interstate commerce.





[5] Durham does not argue
that MONY failed to meet its initial burden of proving that an arbitration
agreement exists and that the underlying claims fall within the scope of the
agreement.  Indeed, in the trial court,
Durham=s counsel stated that Athe sole issue is whether
there was waiver.@  The arbitration agreement in the present case
provides that Aany controversy between
the parties arising out of. . .this agreement shall be
submitted to arbitration. . . .@ 
Accordingly, we find that MONY has established that a valid arbitration
agreement does exist and that Durham=s claims fall within the scope of the agreement.





[6] Furthermore, the record
does not contain the deposition testimony. 
The fact that depositions were taken, without proof of how this
prejudiced Durham, will not be held to be a substantial invocation of the
judicial process. In re Nasr, 50 S.W.3d 23, 27 n.3 (Tex. App.BBeaumont 2001, orig.
proceeding) (citing General Guar. Ins. Co. v. New Orleans Gen. Agency,
Inc., 427 F.2d 924, 928-30 (5th Cir. 1970)).