NO. 12-02-00381-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


RONALD S. SLAYMAKER AND

ELIZABETH SLAYMAKER,
§
 APPEAL FROM THE THIRD

APPELLANTS


V.
§
 JUDICIAL DISTRICT COURT OF


JOHNNY BALLOW D/B/A

BALLOW HOMES,
§
 HENDERSON COUNTY, TEXAS

APPELLEE





MEMORANDUM OPINION


 Ronald S. Slaymaker and his wife, Elizabeth Slaymaker, (the "Slaymakers") appeal the trial
court's denial of their motion to stay proceedings and compel arbitration. The Slaymakers raise two
issues on appeal. We reverse and remand.


Background


 On February 19, 2000, Johnny Ballow d/b/a Ballow Homes ("Ballow") entered into a
contract with the Slaymakers to build their new home in Trinidad, Texas. The contract contained
a provision stating that all claims or disputes between Ballow and the Slaymakers would be decided
by arbitration. (1) On or about September 27, 2001, Ballow sued the Slaymakers for $76,451.77, the
amount allegedly still owed him by the Slaymakers under the contract. In his suit, Ballow alleged
that he completed construction on September 21, 2000 and that the Slaymakers had taken possession
of the house. The Slaymakers answered and counterclaimed alleging that Ballow had breached the
contract and committed various torts during his performance thereof. Subsequently, Ballow took
the deposition of Ronald Slaymaker and his architect, Gary Covert. The Slaymakers took the
deposition of Ballow and his wife, Barbara. 

 On November 8, 2002, more than thirteen months after Ballow initially filed suit, the
Slaymakers filed a motion to stay litigation and compel arbitration. Ballow contended that the trial
court should deny the motion because the Slaymakers had failed to fulfill a condition precedent to
the arbitration clause of the contract, and further, had waived their right to arbitration by invoking
the judicial process. The trial court ultimately denied the motion and this interlocutory appeal
followed. (2) On April 25, 2003, we stayed the trial court proceedings pending the disposition of this
appeal.


Standard of Review


 A party seeking to compel arbitration must establish the existence of an arbitration agreement
and show that the claims raised fall within the scope of that agreement. In re Oakwood Mobile
Homes, Inc., 987 S.W.2d 571, 573 (Tex. 1999). Once the moving party establishes a claim subject
to the arbitration agreement, the burden shifts to the party opposing arbitration to present evidence
that the arbitration agreement was either procured in an unconscionable manner or induced or
procured by fraud or duress, or that the arbitration agreement has been waived. See id. If a claim
within the arbitration agreement is established, the trial court must compel arbitration and stay the
proceedings. See id.

 Whether the parties have agreed to arbitrate is a question of fact to be summarily determined
by the trial court. Valero Energy Corp. v. Teco Pipeline Co., 2 S.W.3d 576, 581 (Tex. App. -
Houston [14th Dist.] 1999, no pet.). Appellate courts employ a "no evidence" standard for review
of factual questions, see id., and review de novo the question of whether a party, by its conduct
during litigation, has waived its arbitration rights. See Oakwood Mobile Homes, Inc., 987 S.W.2d
at 574. 



Condition Precedent


 In their second issue, the Slaymakers argue that the trial court erred by addressing whether
they had fulfilled a condition precedent to arbitration because a condition precedent is a procedural
matter to be determined by the arbitrator. (3)
 We agree. A condition precedent may be either a
condition to the formation of a contract or to an obligation to perform an existing contract. See
Hohenberg Bros. Co. v. George E. Gibbons and Co., 537 S.W.2d 1, 3 (Tex. 1976). Conditions
precedent to an obligation to perform are those acts or events which occur subsequently to the
making of a contract and must occur before there is a right to immediate performance. See id. 

 When faced with a motion to compel arbitration, the trial court must first determine whether
an agreement to arbitrate exists. See Tex. Civ. Proc. & Rem. Code Ann. § 171.002(a) (Vernon
Supp. 2003); City of Lubbock v. Hancock, 940 S.W.2d 123, 127 (Tex. App.- Amarillo 1996, orig.
proceeding). Here, Ballow does not contest the existence and scope of the agreement to arbitrate. 
Rather, he contends that before seeking to arbitrate their dispute with him, the Slaymakers were
required to submit the dispute to their architect as a condition precedent under the terms of the
contract. However, an issue such as compliance with a condition precedent to arbitrate is a matter
for the arbitrator to decide, not a court. See Valero Energy Co., 2 S.W.3d at 583. 

 Once it determined the existence of an arbitration agreement, absent any issue as to the
agreement's underlying validity, the trial court was required to compel arbitration and stay its own
proceedings. See Oakwood Mobile Homes, 987 S.W.2d at 573; see also John Wiley and Sons, Inc.
v. Livingston, 376 U.S. 543, 556, 84 S. Ct. 909, 918, 11 L. Ed. 2d 898 (1964) (when it is determined
that the parties are obligated to submit the subject matter of the dispute to arbitration, procedural
questions which grow out of the dispute and bear on its final disposition should be left to the
arbitrator). Therefore, we hold that the issue concerning whether there existed any condition
precedent under the contract was a matter to be determined by the arbitrator. The Slaymakers'
second issue is sustained. 


Waiver


 In their first issue, the Slaymakers contend that the trial court erred in holding that their right
to contractual arbitration was waived by their litigation activity. Waiver may be found when it is
shown that a party acted inconsistently with its right to arbitrate and such actions prejudiced the other
party. Oakwood Mobile Homes, Inc., 987 S.W.2d at 574. There is a strong presumption against
waiver in arbitration cases. See Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S.
1, 24, 103 S. Ct. 927, 941, 74 L. Ed. 2d 765 (1983). As a matter of law, any doubts concerning the
scope of arbitrable issues should be resolved in favor of arbitration. Id. In cases where litigation
has commenced, waiver will be found only when the party seeking to enforce the arbitration
agreement has substantially invoked the judicial process to the opposing party's detriment. See
Mancias, 934 S.W.2d at 89. 

 The Texas Supreme Court has been very reluctant to make a determination that activity in
the normal course of litigation constitutes waiver of an arbitration agreement. In Mancias, EZ Pawn
had answered the suit, participated in a court-ordered telephone docket control conference,
conducted discovery, and entered into an agreed order resetting the case for a later trial date. Id. at
90. Describing such activity as "very little," the court held that EZ Pawn had not waived its right
to arbitration. Id. In reaching its conclusion, the court cited Walker v. J.C. Bradford & Co., a case
in which the court concluded that there was no waiver of arbitration, even though the parties had
engaged in discovery, attended pretrial conferences, amended the scheduling order three times and
moved to transfer the case during a thirteen-month period. Id. (citing Walker v. J.C. Bradford &
Co., 938 F.2d 575, 578 (5th Cir. 1991)); see also General Guar. Ins. Co. v. New Orleans Gen.
Agency, Inc., 427 F.2d 924, 928-29 (5th Cir. 1970) (no waiver even though the parties had
conducted depositions for ten months before making arbitration demand). 

 Considering the aforementioned authority, we now examine Ballow's claim that he was
prejudiced by the Slaymakers' litigation activities in the instant case. Ballow argues that he was
prejudiced because he was unable to take the deposition of Elizabeth Slaymaker during the thirteen
months between the filing of his lawsuit and the filing of the Slaymakers' motion to compel
arbitration. Ballow further contends that he might not be able to take Elizabeth Slaymaker's
deposition prior to a determination of the case in arbitration. We cannot conclude from such
allegations that Ballow has been prejudiced. Ballow has failed to specifically explain the subject
matter of the testimony he wishes to elicit from Elizabeth Slaymaker and based on our review of the
record, there is no indication that Ballow ever noticed Elizabeth Slaymaker's deposition. Both
Ballow and his wife, Barbara, were deposed by the Slaymakers. It reasonably follows that Ballow
had ample opportunity to depose Ronald and Elizabeth Slaymaker during this period. Yet, Ballow
chose only to depose Ronald Slaymaker and his architect. As such, we hold that Ballow has failed
to overcome the presumption against waiver of arbitration. The Slaymakers' first issue is sustained. 


Conclusion


 Having sustained both of the Slaymakers's issues, we reverse the trial court's order and
remand this cause to the trial court for further proceedings consistent with this opinion. We also lift
our stay order of April 25, 2003.



 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered June 11, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.











(PUBLISH)




1. Elsewhere in the contract, the parties agreed that "[t]he contract shall be governed by the law of the place
where the Project is located." The arbitration agreement does not make any statement to the effect that it is governed
by the Federal Arbitration Act. As such, our analysis will proceed pursuant to the Texas Arbitration Act. See EZ
Pawn Corp. v. Mancias, 934 S.W.2d 87, 91 (Tex. 1996).
2. See Tex. Prac. & Rem. Code Ann. § 171.098(a) (Vernon Supp. 2003). 
3. We note that the word "arbitrator" and the word "arbiter" are partially interchangeable. "Arbiter" is
usually generalized, and means "a person chosen to decide a controversy," Black's Law Dictionary 104 (6th ed.
1990), whereas "arbitrator" has a more specialized meaning, such as "a neutral person either chosen by the parties to
a dispute or appointed by a court, to hear the parties['] claims and render a decision." Id. at 105.