United States Court of Appeals
Fifth Circuit

**F I L E D**

July 18, 2003

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-30042
Summary Calendar

_____

CARGILL FERROUS INTERNATIONAL,
a Department of Cargill, Inc.,

Plaintiff-Appellee,

versus

HIGHGATE MV, her engines, tackle, apparel, etc., Et Al.,

Defendants,

SATIN SHIPPING CORP.; SOCIETE ANONYME MONAGASQUE
D'ADMINISTRATION MARITIME ET AERIENNE,
(S.A.M.A.M.A.) in personam,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(02-CV-510)

_____

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Cargill Ferrous International, a Department of Cargill,
Incorporated (Cargill), filed this action against numerous
defendants, including Satin Shipping Corporation (Satin) and Societe

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Anonyme Monagasque d'Administration Maritime et Aerienne (SAMAMA). After filing an answer in which they demanded London arbitration pursuant to the terms of a charter party and other contracts of carriage, Satin and SAMAMA moved to dismiss, or, in the alternative, to stay this action pending arbitration.

The district court ruled that Satin and SAMAMA's inaction in failing to respond to correspondence from Cargill (delivered five and a half months before defendants' answer), insist on arbitration, or nominate an arbitrator constituted a waiver of the right to arbitration.

Pursuant to 9 U.S.C. § 16(a), Satin and SAMAMA appeal. The refusal to stay an action pending arbitration is reviewed *de novo*. See ***Steel Warehouse Co., Inc. v. Abalone Shipping Ltd. of Nicosai***, 141 F.3d 234, 236-37 (5th Cir. 1998).

Prejudice to the party opposing arbitration is determinative of waiver. *E.g.,* ***Price v. Drexel Burnham Lambert, Inc.***, 791 F.2d 1156, 1162 (5th Cir. 1986). "Normally, waiver occurs when a party initially pursues litigation and then reverses course and attempts to arbitrate, but waiver can also result from 'some overt act in Court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration'." ***Texaco Exploration and Prod. Co. v. AmClyde Engineered Prods. Co., Inc.***, 243 F.3d 906, 911 (5th Cir. 2001) (quoting ***Subway Equipment Leasing Corp. v. Forte***, 169 F.3d 324, 329 (5th Cir. 1999)). In this analysis,

"[t]here is a strong presumption *against* waiver, and any doubts ... must be resolved in favor of arbitration". *Id*. (emphasis added).

Cargill contends delay and inaction by Satin and SAMAMA has hindered resolution of this matter. Delay, as well as the extent of the movant's participation in judicial proceedings, is a material factor in assessing prejudice *vel non*. **Price**, 791 F.2d at 1161. "[M]ere delay[, however,] falls far short of the waiver requirements...." **Texaco**, 243 F.3d at 912. Moreover, "generalized protestations about the costs of delay are insufficient" to establish waiver. **Walker v. J.C. Bradford & Co.**, 938 F.2d 575, 578 (5th Cir. 1991).

Cargill's contention is further undermined by **Tenneco Resins, Inc. v. Davy Int'l, AG**, 770 F.2d 416, 421 (5th Cir. 1985): "[W]hen only a minimal amount of discovery has been conducted ... the court should not ordinarily infer waiver based upon prejudice to the party opposing the motion to stay litigation ... particularly when ... the defendant clearly stated the desire to arbitrate the matter in its original answer...." As noted, Satin and SAMAMA raised the arbitrability of the dispute in their original answer. Moreover, Cargill does not contend they took advantage of, or even participated in, the discovery process. Cargill has failed to show it has been materially prejudiced by the delay; therefore, it has failed to overcome the strong federal presumption in favor of arbitration. *See* e.g., **Walker**, 938 F.2d at 578. Restated, Satin

and SAMAMA have not waived their right to arbitration. Accordingly, we **VACATE** and **REMAND** for further proceedings not inconsistent with this opinion.

*VACATED AND REMANDED*