**Affirmed and Majority and Dissenting Opinions filed January 30, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00279-CV

---

### RSL FUNDING, LLC, Appellant

### V.

### CHAVEZE D. PIPPINS, DANIEL P. MORRIS, DONNA M. O'BRIEN, METROPOLITAN LIFE INSURANCE COMPANY, METLIFE INSURANCE COMPANY OF CONNECTICUT & METLIFE INVESTORS USA INSURANCE CO., Appellees

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 994875**

---

## D I S S E N T I N G   O P I N I O N

Under the applicable legal standard, the appellant did not waive its right to arbitrate the claims it has submitted for arbitration because the appellant did not substantially invoke the judicial process to the detriment of any of the appellees. Therefore, this court should hold that the trial court erred in finding waiver.

Appellant RSL Funding, LLC asserts that the trial court erred in finding that RSL waived its right to arbitrate the claims against appellees Chavese D. Pippins, Daniel P. Morris, and Donna O'Brien (collectively, the "Individuals") that RSL submitted to arbitration by substantially invoking the judicial process to the prejudice of either the Individuals or appellees Metropolitan Life Insurance Company, MetLife Insurance Company of Connecticut, and MetLife Investors USA Insurance Co. (collectively, the "MetLife Parties").

### *Applicable Legal Standard*

A party waives a right to arbitration by substantially invoking the judicial process to the other party's detriment or prejudice. *See Perry Homes v. Cull*, 258 S.W.3d 580, 589–90 (Tex. 2008). The appellees have the burden of proving that RSL waived its right to arbitration and, due to the strong presumption against waiver of arbitration, this is a difficult burden to satisfy. *See id*. at 590; *Baty v. Bowen, Miclette & Britt, Inc.*, No. 14-11-00663-CV, —S.W.3d—,—, 2013 WL 2253584, at *4 (Tex. App.—Houston [14th Dist.] May 23, 2013, pet. denied). Whether a party has waived its right to arbitration must be decided on a case-by-case basis, based upon an examination of the totality of the circumstances. *See Perry Homes*, 258 S.W.3d at 591. In making this determination, courts consider a wide variety of factors, including the following:

- whether the party who pursued arbitration was the plaintiff or the defendant;
- how long the party who pursued arbitration delayed before seeking arbitration;
- when the party who pursued arbitration learned of the arbitration clause's existence;
- how much the pretrial activity related to the merits rather than arbitrability or jurisdiction;
- how much time and expense has been incurred in litigation;

- whether the party who pursued arbitration sought or opposed arbitration earlier in the case;
- whether the party who pursued arbitration filed affirmative claims or dispositive motions;
- how much discovery has been conducted and who initiated the discovery;
- whether the discovery sought would be useful in arbitration;
- what discovery would be unavailable in arbitration;
- whether activity in court would be duplicated in arbitration;
- when the case was to be tried; and
- whether the party who pursued arbitration sought judgment on the merits.

*See id*. at 591–92.

The quantum of litigation conduct that will be deemed "substantial" depends very much on the context. *See id*. at 593. A party who enjoys significant direct benefits by gaining an advantage in the pretrial litigation process should be barred from turning around and seeking arbitration with the spoils. *See id*. Like any other contract right, an arbitration right can be waived if the parties agree instead to resolve a dispute in court. *See id*. This type of waiver can be implied from a party's conduct, when that conduct is unequivocal. *See id*. In close cases, the "strong presumption against waiver" should govern. *See id*.

In the context of waiver of an arbitration right, "prejudice" relates to the inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue. *See id*. at 597. Whether a party's conduct constitutes a waiver of an arbitration right is a question of law that this court reviews de novo. *See id*. at 598. If the trial court resolves factual disputes as to the conduct in which the party in question engaged, then this court defers to the trial court's fact findings if they are supported by sufficient evidence. *See id*.

## *No Substantial Invocation of the Judicial Process*

RSL did not substantially invoke the judicial process. Though RSL was the plaintiff in the trial court from June 20, 2011 through December 1, 2011, RSL was the plaintiff as to non-arbitrable claims; RSL was not the plaintiff as to the claims against the Individuals that RSL submitted in the arbitration proceeding RSL initiated on February 16, 2012 (hereinafter "Arbitration Claims"). Each of the Individuals entered into annuity contracts with one or more of the MetLife Parties. Each of the Individuals later entered into agreements with RSL. According to RSL, the Individuals sold, assigned, and transferred to RSL or its designated assignee, all of their respective right, title, and interest in and to certain specified annuity payments under the respective annuity contracts with one or more of the MetLife Parties. RSL asserts that it gave notice to the MetLife Parties of the Individuals' assignments of their rights to receive these annuity payments. Nonetheless, the MetLife Parties refused to make these payments to RSL or its designated assignee, rather than to the Individuals.

Each of the assignment agreements between the respective Individuals and RSL contains an arbitration clause under which the parties agree to arbitrate all disputes of any nature whatsoever under the assignment agreement. The record, including the affidavits attached to RSL's original petition, reflects that when RSL filed suit in the trial court, there was no dispute between RSL and the Individuals under any of the assignment agreements. In addition, none of the MetLife Parties agreed to arbitrate any of their claims with either RSL or the Individuals. To effectively resolve its dispute with the MetLife Parties, RSL needed to seek declaratory relief against the MetLife Parties; yet, under the Declaratory Judgments Act, "all persons who have or claim any interest that would be affected by the declaration must be made parties." Tex. Civ. Prac. & Rem. Code Ann. § 37.006(a)

4

(West 2014). Thus, the naming of the Individuals as defendants in RSL's declaratory-judgment claim did not necessarily manifest a dispute between RSL and the Individuals.[1] Indeed, the record reflects that there was no such dispute. There was no way for RSL to arbitrate its dispute with the MetLife Parties, and there was no dispute with the Individuals to arbitrate.

From June 20, 2011 through December 1, 2011, RSL did not assert any arbitrable claims. From December 1, 2011 forward, RSL did not assert any claims in the trial court at all.

On November 23, 2011, the Individuals did file arbitrable breach-of-contract claims against RSL by means of counterclaims, but the Individuals quickly nonsuited these claims seven days later.[2]

On January 30, 2012, the Individuals filed a motion to withdraw funds from the registry of the trial court, which gave rise to the Arbitration Claims, and within eighteen days, RSL had filed an arbitration demand and a motion to stay the litigation pending arbitration.[3]

Notably, RSL delayed only eighteen days from the event that gave rise to the Arbitration Claims. Even if one were to count the delay from the filing of the Individuals' breach-of-contract claims, that delay would be less than ninety days. Courts have found no waiver in cases involving substantially longer delays. *See Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 576–78 (5th Cir. 1991) (finding no

---

[1] This was the only claim that RSL asserted against the Individuals in the trial court below.

[2] Though the record reflects that the Individuals re-filed these claims in the district court, the record does not contain RSL's pleading in response to the Individuals' original petition in the district court or evidence reflecting what RSL's response to these claims was in the district court.

[3] In these claims, RSL asserts that the Individuals breached their respective assignment agreements by attempting to exercise dominion and control over annuity funds belonging to RSL's assignee. In arbitration, RSL seeks breach-of-contract damages as well as declaratory relief.

waiver of arbitration despite thirteen-month delay before filing motion to compel arbitration); *Tenneco Resins, Inc. v. Davy Int'l, AG*, 770 F.2d 416, 420–21 (5th Cir. 1985) (finding no waiver of arbitration despite eight-month delay before filing motion to compel arbitration); *Baty*, 2013 WL 2253584, at *4–9 (finding no waiver of arbitration despite eight-month delay before filing motion to compel arbitration).

Filing suit, by itself, does not constitute a waiver of arbitration rights. *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 783 (Tex. 2006) (orig. proceeding). Nor does delay in seeking arbitration, alone, establish waiver. *See In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 763–64 (Tex. 2006) (finding no waiver of arbitration despite parties' engaging in litigation for two years before seeking to arbitrate).

RSL knew of the arbitration clauses from the beginning, but they were not triggered until later. Thus, while pretrial activity related to the merits rather than arbitrability of the claims, it related to the merits of non-arbitrable claims. Time and expense was incurred in this litigation, but that time and expense would have been incurred in any event because the MetLife Parties are not parties to an applicable arbitration clause and are not parties in the arbitration. RSL did not oppose arbitration earlier in the litigation.

Though RSL filed affirmative claims and sought summary judgment, these actions were taken as to non-arbitrable claims, not as to the Arbitration Claims. RSL did not file any affirmative claims or dispositive motions on the merits regarding any of the Arbitration Claims. Likewise, RSL and the MetLife Parties engaged in discovery, but this discovery related to non-arbitrable claims. RSL took discovery from the MetLife Parties, but this discovery is unlikely to be helpful in arbitration because the MetLife Parties are not parties to the arbitration. Thus, the activity in the trial court was not duplicative of what would occur in arbitration.

On this record, neither the Individuals nor the MetLife Parties have

6

overcome the strong presumption that RSL did not waive its right to arbitrate the Arbitration Claims by substantially invoking the judicial process. *See Walker*, 938 F.2d at 576–78 (holding that party did not waive arbitration right by propounding interrogatories and requests for production, attending initial pretrial conference, and delaying thirteen months before filing motion to compel arbitration); *Tenneco Resins, Inc.*, 770 F.2d at 420–21 (holding that party did not waive arbitration right despite serving opponent with interrogatories and requests for production, seeking discovery protective order, and agreeing to a joint motion for extension of the discovery period, during eight months before moving to compel arbitration); *Baty*, 2013 WL 2253584, at *4–9 (finding no waiver of arbitration despite party's eight-month delay before filing motion to compel arbitration and despite party's assertion in the litigation of certain arbitrable claims). Thus, the trial court erred in concluding that RSL waived arbitration of the Arbitration Claims by substantially invoking the judicial process.

### *No Showing of Prejudice Resulting from Invocation of the Judicial Process*

In the context of waiver of an arbitration right, "prejudice" relates to the inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces the party to litigate an issue and later seeks to arbitrate that same issue. *See Perry Homes*, 258 S.W.3d at 597; *Baty*, 2013 WL 2253584, at *5. But, in this case, before the trial court granted the Individuals' motion to stay arbitration, RSL was arbitrating a dispute between RSL and the Individuals that RSL had not been litigating in the trial court. Rather, RSL had been litigating non-arbitrable claims between RSL and the MetLife Parties, and, though the Individuals were defendants as to RSL's claims for declaratory relief, no dispute had yet arisen between RSL and the Individuals as to RSL's entitlement to this relief. Thus, as to the Individuals, RSL is asserting claims in

7

arbitration, but RSL did not assert these claims against the Individuals in the trial court. As to the MetLife Parties, RSL asserted non-arbitrable claims in the trial court in the past and still is defending non-arbitrable claims in the trial court, but RSL has not asserted any claims against the MetLife Parties in the arbitration. The MetLife Parties are not parties in the arbitration. On this record, there is no showing of prejudice that would support a finding that RSL waived its right to arbitrate the Arbitration Claims. *See Walker*, 938 F.2d at 578.

## *Conclusion*

In discovery and in litigating the non-arbitrable claims, RSL may have asserted arguments that lacked merit or that arguably were dilatory or even sanctionable. But, in determining whether RSL waived its right to arbitrate the Arbitration Claims, the issue is whether RSL engaged in litigation conduct by which it unequivocally agreed to resolve the Arbitration Claims in court, rather than in arbitration. *See Perry Homes*, 258 S.W.3d at 593; *Baty*, 2013 WL 2253584, at *5. The record does not reflect such conduct. Even in close cases, the "strong presumption against waiver" governs, and waiver of arbitration should not be found. *See Perry Homes*, 258 S.W.3d at 593; *Baty*, 2013 WL 2253584, at *5. Neither the Individuals nor the MetLife Parties proved that RSL waived its right to arbitrate the Arbitration Claims by substantially invoking the judicial process to the detriment of any of the appellees. Accordingly, waiver has not been established. Because the majority concludes otherwise, I respectfully dissent.


/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Jamison and McCally. (Jamison, J., majority).

8