BARNES, J.,
dissenting:
¶ 14. I respectfully dissent. In my opinion, Stovall did not carry her burden of showing she suffered any prejudice, and the trial court improperly denied Citibank’s motion to compel arbitration. The Mississippi Supreme Court has stated that “waiver of arbitration is not a favorable finding, and there is a presumption against it.” MS Credit Ctr., Inc. v. Horton, 926 So.2d 167, 179 (¶ 39) (Miss.2006) (quoting Russell v. Performance Toyota, Inc., 826 So.2d 719, 724 (¶ 16) (Miss.2002)). Arbitration can be waived where a party “substantially invokes the judicial process to the detriment or prejudice of the other party.” Id. (emphasis added) (quoting Univ. Nursing Assocs., PLLC v. Phillips, 842 So.2d 1270, 1278 (¶ 28) (Miss.2003)). “Prejudice refers to the inherent unfairness-in terms of delay, expense, or damage to a party’s legal position-that occurs when the party’s opponent forces it to litigate an issue and later seeks to arbitrate the same issue.” Phillips, 842 So.2d at 1278 (¶ 30) (citing Subway Equip. Leasing Corp. v. Forte, 169 F.3d 324, 327 (6th Cir.1999)). To demonstrate prejudice, a party opposing arbitration must come forward with “more than generalized protestations.” Walker v. J.C. Bradford & Co., 938 F.2d 575, 578 (5th Cir.1991). The Mississippi Supreme Court “has found waiver of the right to compel arbitration in only a limited number of cases.” Horton, 926 So.2d at 179 (¶ 40).
¶ 15. Here, the trial court’s order makes no finding of prejudice to Stovall. And, while the majority discusses how Citibank participated in the litigation, it does not offer any explanation or analysis of how Stovall suffered prejudice by these minimal pretrial activities.
¶ 16. Citibank participated in the litigation by filing an answer (where it raised arbitration as an affirmative defense), accommodating Stovall’s request to depose two infirm witnesses in order to perpetuate their testimony, and exchanging some limited discovery. In my view, these actions do not constitute substantial participation in the litigation, nor could they possibly prejudice Stovall. The only proceedings Citibank invoked were propounding written discovery to Stovall on November 22, 2013, after Stovall served hers, and noticing Stovall’s deposition on March 12, 2014. Citibank did not actually conduct any depositions.
¶ 17. Further, Stovall offers no evidence of prejudice regarding the timing of Citibank’s motion to compel arbitration. Citibank filed its answer on September 17, 2013, and filed its motion to compel arbitration on May 1, 2014, seven and one-half months later. A delay of thirteen months in seeking arbitration has been held insufficient to constitute a waiver, but a delay of seventeen months has been found suffi *704 cient. Phillips, 842 So.2d at 1278 (¶ 27) (citing Walker, 938 F.2d at 578; Price v. Drexel Burnham Lambert, Inc., 791 F.2d 1156, 1160-62 (5th Cir.1986)). Here, the period between initiation of litigation and the motion to compel arbitration would not be sufficient to constitute prejudicial delay for waiver analysis. The record also shows no indication of incurred legal expenses, or damage to Stovall’s legal position. If anything, Citibank’s participation in the two depositions for Stovall’s two infirm witnesses aided her legal position. Stovall offers no evidence of prejudice, and I can find none in the record.
¶18. Because Stovall provided insufficient evidence of delay, additional expense, or damage to her legal position, which would indicate prejudice, I respectfully dissent. I would reverse the trial court’s denial of Citibank’s motion to compel arbitration.
GRIFFIS, P. J., AND CARLTON, J., JOIN THIS OPINION.