# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 25, 2010

Lyle W. Cayce
Clerk

No. 10-20251
Summary Calendar

CHERYL RANZY,

Plaintiff-Appellee,

v.

EDMUNDO TIJERINA; CYNTHIA SALINAS; EXTRA CASH OF TEXAS, INC.,

Defendants-Appellants.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-3334

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

This appeal concerns whether the district court properly denied Defendants' motion to compel arbitration. We find that it did and we AFFIRM.

The arbitration provision at issue requires the parties to arbitrate all disputes before the National Arbitration Forum (NAF). Specifically, it states,

> You and we agree that any and all claims, disputes, or controversies . . . *shall* be resolved by binding individual (and not class) arbitration by and under the Code of Procedure of the National Arbitration Forum . . . . This agreement to arbitrate all disputes *shall* apply no matter by whom or against whom the claim is filed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20251

> Rules and forms of the NAF may be obtained and all claims *shall* be
> filed at any NAF office, [or by contacting the NAF via the internet,
> phone, or mail].

(emphasis added). At the time of the dispute, however, the NAF had ceased to handle the type of consumer claims that Ranzy had brought against Defendants. In other words, the contractually designated arbitration forum was no longer available.

The district court, Judge Miller, in a very well-reasoned decision, identified that the dispositive inquiry was whether the parties' designation of the NAF as the sole arbitration forum was an integral part of the arbitration agreement. The court found that it was because the "mandatory, not permissive" plain language of the arbitration provision "evinces a specific intent of the parties to arbitrate before the NAF."

This court reviews the district court's denial of a motion to compel arbitration *de novo. In re Mirant Corp.*, — F.3d —, 2010 WL 2992079, at *3 (5th Cir. 2010) (citation omitted). Defendants acknowledge that the NAF is no longer an available forum,[1] but they contend that, under Section 5 of the Federal Arbitration Act (FAA), 9 U.S.C. § 5, the district court should have appointed a substitute arbitration forum. Section 5 states,

> If in the agreement provision be made for a method of naming or
> appointing an arbitrator or arbitrators or an umpire, such method
> shall be followed; but if no method be provided therein, or if a
> method be provided and any party thereto shall fail to avail himself
> of such method, *or if for any other reason there shall be a lapse in the
> naming of an arbitrator or arbitrators or umpire, or in filling a*

---

[1] In July 2009, the NAF ceased consumer arbitrations under a settlement with the State of Minnesota. That settlement resolved a lawsuit filed by Minnesota against the NAF, alleging unlawful conduct arising from collusion with its clients.

No. 10-20251

> *vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require*, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

(emphasis added).

Section 5 does not, however, permit a district court to circumvent the parties' designation of an exclusive arbitration forum when the choice of that forum "is an integral part of the agreement to arbitrate, rather than an ancillary logistical concern." *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1222 (11th Cir. 2000) (citation and internal quotation marks omitted); *see also In re Salomon Inc. S'Holders' Derivative Litig.*, 68 F.3d 554, 561 (2d Cir. 1995) (citing *Nat'l Iranian Oil Co. v. Ashland Oil, Inc.*, 817 F.2d 326, 333-34 (5th Cir.), *cert. denied*, 484 U.S. 943 (1987)). In order to determine whether the designation of the NAF as the sole arbitration forum is an integral part of the arbitration agreement, "the court must employ the rules of contract construction to determine the intent of the parties." *Harvey v. Joyce*, 199 F.3d 790, 793 (5th Cir. 2000) (citation omitted). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Id.* (citation omitted).

Here, the arbitration agreement plainly states that Ranzy "shall" submit all claims to the NAF for arbitration and that the procedural rules of the NAF "shall" govern the arbitration. Put differently, the parties explicitly agreed that the NAF shall be the exclusive forum for arbitrating disputes. In *National Iranian*, we explained that, where the parties' agreement specifies that the laws and procedures of a particular forum shall govern any arbitration between them, that forum-selection clause is an "important" part of the arbitration agreement.

No. 10-20251

817 F.2d at 334 ("Not only did NIOC choose Tehran as the site of any arbitration, but the contract also provides that Iranian law governs the interpretation and rendition of any arbitral awards. . . . The language of the contract thus makes self-evident the importance of Iranian law and Iranian institutions to NIOC."). Thus, a federal court need not compel arbitration in a substitute forum if the designated forum becomes unavailable. *See id*. at 333-35. Applying this rule, the Second Circuit, in *In re Salomon*, held that the district court properly declined to appoint a substitute arbitrator under § 5 and then compel arbitration because (1) the parties had contractually agreed that only the New York Stock Exchange could arbitrate any disputes between them and (2) that forum became unavailable. *See* 68 F.3d at 561. We agree with the Second Circuit's application of *National Iranian*, and we also find this case to be indistinguishable from *In re Salomon*. Therefore, we hold that the district court properly denied the motion to compel arbitration.

AFFIRMED.