**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 3, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

————————————

No. 03-30558

————————————

LIBERTY MUTUAL INSURANCE COMPANY,
LIBERTY MUTUAL FIRE INSURANCE COMPANY
AND LIBERTY INSURANCE CORPORATION

Plaintiffs-Appellants

versus

JAMES H. BROWN, DOUGLAS D. GREEN, SHERMAN A. BERNARD, SR., DUANE
COWART, WAYNE DUCOTE, GAIL N. McKAY, JIMMY PATTERSON, EDWARD
ROBERSON, CHARLES KIRSCH, JR., CHRIS FASER, III, and OTHER AS YET
UNDETERMINED INDIVIDUALS WHO WERE MEMBERS OF THE LOUISIANA
INSURANCE RATING COMMISSION

Defendants-Appellees

————————————————————————

Appeal from the United States District Court for
the Middle District of Louisiana
(USDC No. 99-927-C)

————————————————————————

Before DUHÉ, BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:[*]

Liberty Mutual Insurance Co. ("Liberty Mutual") sued the defendants, members of the

Louisiana Insurance Rating Commission ("LIRC"), arguing that the rates for worker's compensation

———————————————

[*] Pursuant to 5ᵀᴴ CɪR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CɪR. R.
47.5.4.

insurance set by the LIRC over a period of several years were confiscatory. Liberty Mutual argues that these rates thus constitute an impermissible taking in violation of the Fifth Amendment. The defendants filed a motion to dismiss or in the alternative for summary judgment in the United States District Court for the Middle District of Louisiana. The district court granted the defendants' motion on June 21, 2001, "[f]or the written reasons to be filed at a later date." Written reasons were not subsequently provided.

Liberty Mutual appealed to this court, and in January of 2002, this court dismissed the appeal in an unpublished opinion. *Liberty Mutual Ins. v. Brown*, 31 Fed. Appx. 832 (5th Cir. 2002). In the unpublished opinion, this court noted the district court's failure to provide written reasons and questioned the finality of the district court's opinion. This court dismissed the appeal so that the district court would have the opportunity to issue reasons for its decision and a separate order of judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure. After the parties returned to the district court, the court entered another judgment without reasons granting the defendants' motion to dismiss or alternatively for summary judgment. This time the district court did not state that written reasons would be filed at a later date. Liberty Mutual again timely appealed to this court.

Because Federal Rules of Civil Procedure 12 and 56 do not require findings of fact and conclusions of law, the absence of stated reasons is not necessarily fatal. *Hanson v. Aetna Life & Casualty*, 625 F.2d 573, 575 (5th Cir. 1980). But the parties are entitled to know the reasons upon which summary judgment was based, if for no other reason than to secure meaningful appellate review. *Id.* We have many times discussed the importance of a discussion by the trial judge. *Myers v. Gulf Oil Corp.*, 731 F.2d 281, 283 (5th Cir. 1980).

This is especially true when, as here, an appellate court cannot ascertain which of several

theories formed the basis for the entry of summary judgment. *Mosley v. Ogden Marine, Inc.*, 480 F.2d 1226 (5t h Cir. 1973). When we have no notion of the basis for a district court's decision because its reasoning is vague or simply left unsaid, there is little opportunity for effective review. *McInrow v. Harris County*, 878 F.2d 835, 836 (5th Cir. 1989). In such cases, we have not hesitated to remand the case for an illumination of the court's analysis through some formal or informal statement of reasons. *See, e.g., Myers v. Gulf Oil Corp.*, 731 F.2d 281, 284 (5th Cir. 1984).

This case is factually and procedurally involved, and Liberty Mutual asserted what may be a *res nova* constitutional claim. In response, the defendants offered six arguments in support of their motion to dismiss or alternatively for summary judgment. The district court granted the defendants' motion without any statement of supporting reasons. In order to efficiently review the district court's decision we wish to know the grounds for its judgment.

Accordingly, this case is **REMANDED** to the district court for the limited purpose of permitting that court to state the reasons for its decision. The district court is directed to provide written reasons for its decision.[1] We retain jurisdiction over the appeal except for the purposes of this limited remand.

---

[1] The statement of reasons need be neither formal nor long; it must only be adequate to facilitate our review. *Myers*, 731 F.2d at 282 n.11. To the extent necessary, we anticipate requesting supplemental briefing from the parties after the district court has provided the reasons for its decision.