# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2026

Lyle W. Cayce
Clerk

———————

No. 25-20413

———————

Global Advantech Resources Limited,

*Plaintiff—Appellee*,

*versus*

Richard Brown; Snake River Oil & Gas, L.L.C.; Weiser-Brown Oil Company,

*Defendants—Appellants*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-3968

———————————————————————

Before Stewart, Engelhardt, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Defendants-Appellants Richard Brown, Snake River Oil & Gas, L.L.C., and Weiser-Brown Oil Company ("the Brown Defendants") appeal the district court's order denying their August 2025 motions seeking to compel the claims asserted by Plaintiff-Appellee Global Advantech Resources Limited ("GAR") to arbitration and to stay discovery and all

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20413

unexpired pretrial and trial deadlines pending disposition of the motion to compel. For the reasons stated herein, we AFFIRM.

I.

GAR alleges that the Brown Defendants, in combination with other allegedly associated natural persons and business entities, disclosed GAR's proprietary and confidential information to third parties (state and federal regulatory agencies) without GAR's authorization. GAR originally provided the information to Alta Mesa Holdings, LP ("Alta Mesa"), a Texas company, as part of a proposal for GAR to provide a wastewater treatment system to Alta Mesa, after Dale Hayes, on behalf of Alta Mesa, executed a "Confidentiality and Non-Circumvention Agreement" ("the NDA") on February 10, 2017. The NDA includes an arbitration provision, in Clause 4.3, which states:

> Any dispute arising out of or in connection with this Agreement, including any question regarding its existence, validity or termination, shall be referred to and finally resolved by arbitration under the London Court of International Arbitration (LCIA) Rules, which Rules are deemed to be incorporated by reference into this clause. The number of arbitrators shall be one (the 'Sole Arbitrator').

GAR provided proposals to Alta Mesa, after discussions over a number of months, in May, July, August, and December 2017. Discussions between the companies regarding GAR's proposals ended on February 1, 2018, however, when "Defendant Hayes' [January 31, 2018] email made it clear [Alta Mesa] had made a management decision not to go with [GAR's] proposal."

Several months later, a November 16, 2018 email from Hayes first alerted GAR that an unauthorized disclosure of its confidential and

No. 25-20413

proprietary information had occurred.  According to paragraph 62 of the First Amended Complaint, the email stated, in pertinent part:

> We need to ask your forgiveness and ask for a favor, if you agree with our request.

> We used some of the information from your 5/6/2017 Proposal for Packaged Produced Water Treatment Systems to give credence to our argument with a regulatory agency. . . . It appears that the entire GA proposal was submitted to the regulatory agency and now there have been requests from the public for copies of this documentation. We now realize that we should have obtained your consent before we submitted the documents to them. The regulatory folks are seeing the copyright information in the documentation you provided, and are asking if it is possible to remove the copyright . . . ? Would it be possible for you to give us a waiver for the use of the information and release of the copyright, for this purpose?

As a result of the unauthorized disclosure(s),[1] GAR filed suit against Hayes, Harlan Chappelle, and James Hackett on November 15, 2022.  The Brown Defendants were added as defendants in GAR's May 4, 2023 First Amended Complaint.[2] GAR asserts a number of state and federal-law claims, including claims of fraudulent inducement, common law fraud, and civil conspiracy, as well as claims asserted under the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1831, *et seq.*, and the Texas Uniform Trade Secrets Act ("TUTSA"), Tex. Civ. Prac. Rem. Code § 134(A), seeking declaratory relief and damages.

---

[1] GAR alleges that the Brown Defendants "evidently continued to illicitly and illegitimately misuse" GAR's confidential information in applying for regulatory (EPA) approval.

[2] The Brown Defendants were served on July 14 and 19, 2023.

3

No. 25-20413

On August 4, 2023, the Brown Defendants filed a motion, pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), and 12(b)(7), seeking dismissal *with* prejudice for lack of personal jurisdiction and, alternatively (if the district court were to conclude it has personal jurisdiction), for failure to state a claim, and for failure to join an indispensable party. In requesting dismissal under Rule 12(b)(6), the Brown Defendants argued that GAR's claims against them are barred by the applicable statutes of limitations; that GAR lacks standing to pursue an alter ego claim that belongs to Alta Mesa's and High Mesa Holdings, L.P.'s bankruptcy estates; that GAR has not specifically or plausibly alleged fraud; and that GAR's fraud and fraudulent inducement claims are barred by the "economic loss" rule and for lack of privity. In the motion's conclusion, the Brown Defendants urged:

> Plaintiff's claims against Movants should be dismissed with prejudice for lack of personal jurisdiction.
>
> In the alternative, because Plaintiff has not, and indeed cannot, plausibly allege any cognizable claim against Movants, Plaintiff's claims against Movants should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

On August 29, 2024, the district court held a telephone scheduling conference with counsel and entered an order stating:

> Pursuant to phone conference conducted this day, the Court removes this case from the trial docket, takes up the pending motions and, if necessary, enters a docket control order.[3]

On September 26, 2024, the district court denied the Brown Defendants' August 24, 2023 motion to dismiss, reasoning that the pleading-

---

[3] The district court's April 20, 2023 Scheduling Order contemplated a September 2024 trial.

sufficiency requirements of Rules 8 and 12(b)(6) had been met, that the pleadings and proffered documents revealed factual disputes, and that discovery was necessary to "unravel the relationships between and among the individuals and [related] entities."[4]

On September 30, 2024, the district court entered an Amended Scheduling Order setting a January 2026 trial date and corresponding pretrial deadlines.[5]

On October 10, 2024, the Brown Defendants filed an "Answer and Defenses to Plaintiff's First Amended Complaint." Regarding personal jurisdiction, the Answer states, in footnote 1:

> [The Brown Defendants'] jurisdictional challenges remain live. The Answer is expressly made subject to [the Brown Defendants'] arguments against the exercise of personal jurisdiction, and [the Brown] Defendants reserve all rights with respect to the same.

---

[4] *See* September 26, 2024 Order.

[5] The September 30, 2024 Amended Scheduling Order established the following:

| | |
|---|---|
| The initial disclosures are due on or before: | October 30, 2024 |
| New parties/class allegations by: | TBD |
| Plaintiff's experts to be designated by: | June 1, 2025 |
| Report furnished by: | June 1, 2025 |
| Defendant's experts to be designated by: | July 1, 2025 |
| Report furnished by: | July 1, 2025 |
| Discovery to be completed by: | September 30, 2025 |
| Dispositive motions due by: | October 15, 2025 |
| Docket Call at 11:30 AM: | January 5, 2026 |
| Estimated Trial Time: | TBA, Jury |

No. 25-20413

In the Answer, the Brown Defendants also specifically responded to GAR's allegations, and asserted thirty-two (32) "defenses and affirmative defenses to some or all of [GAR's] claims and/or damages requests, each in the alternative and to the extent necessary and applicable." Among these affirmative defenses were: (1) the absence of personal jurisdiction and (2) failure to state a claim or cause of action for which relief can be granted (including the reasons stated in the August 3, 2023 (first) motion to dismiss).

Regarding additional affirmative defenses, paragraph 33 of the Answer states:

> Defendants reserve and assert all affirmative defenses available under any applicable law. Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have other, yet unstated, defenses available. Accordingly, Defendants reserve the right to supplement this Answer and assert additional affirmative defenses or other defenses at such time and to such extent as warranted by discovery and the factual development of this case.

Finally, "[p]ursuant to Rule 38 of the Federal Rules of Civil Procedure, [the Brown Defendants] demanded a trial by jury in this action of all issues so triable[,]" and, in the "Prayer," stated:

> Defendants Richard Brown, Snake River Oil & Gas, LLC, and Weiser-Brown Oil Company respectfully request that Plaintiff take nothing in this matter; that all relief prayed for by Plaintiff be denied; that Plaintiff's claims be dismissed *with prejudice*; and that the Court enter final judgment in favor of Defendants and against Plaintiff on all claims. Defendants further request that the Court award Defendants their attorneys' fees, costs of court and litigation, and such other and further relief, at law or in equity, to which Defendants may show themselves justly entitled.

6

No. 25-20413

On October 18, 2024, the district court, in response to a "Motion for Clarification and Limited Reconsideration" that the Brown Defendants also had filed on October 10, 2024, issued an order granting the motion to the extent that the September 26, 2024 order was "modified to provide that the denial therein of [the Brown Defendants'] jurisdictional challenge is without prejudice to [their] ability to raise such issues."[6] Additionally, the September 30, 2024 Amended Scheduling Order was revised to establish a procedure for resolving [the Brown Defendants'] jurisdictional challenges.[7]

On February 14, 2025, after jurisdictional discovery was complete, the Brown Defendants re-urged their personal jurisdiction challenge by filing a "renewed" Rule 12(b)(2) motion to dismiss. Though contesting personal jurisdiction was its primary objective, the February 14, 2025 motion also reasserted:

> Plaintiff's claims fail as a matter of law, *inter alia*, because (1) the applicable statutes of limitations bar their assertion; (2) [GAR] lacks standing to assert them because they are based on alter ego theories belonging to the bankruptcy estates of AMH and HMH; and (3) the economic loss doctrine precludes the recasting of simple breach of contract claims as claims for fraud.

---

[6] *See* October 18, 2024 Order.

[7] Plaintiff's jurisdictional discovery to be served by:           November 10, 2024

 Plaintiff's jurisdictional discovery to be completed by:      December 30, 2024

 Movants' renewed jurisdictional challenge to be filed by:   January 20, 2025

 Plaintiff's response to the renewed jurisdictional challenge to be filed by:

                                                              February 5, 2025

 Hearing on the renewed jurisdictional challenge, if necessary:   TBD

And again the Brown Defendants sought dismissal *with* prejudice—in their motion, reply, and proposed order—of GAR's claims.[8]

The district court's April 16, 2025 order denied the Brown Defendants' motion, explaining:

> The plaintiff raises at least two points that the Court finds to be meritorious, and on which bases the Court denies the defendants' motion to dismiss in its entirety. First, the evidence adduced so far shows that the defendants were involved in some respect in the relevant transactions, directly or indirectly[,] that now form the basis of the plaintiff's current claims. Whether the plaintiff's claims are meritorious, or not, they are sufficiently intertwined with the personal jurisdiction issue such that full discovery will be necessary to determine whether the Court has jurisdiction. Hence, the merits of the plaintiff's claims will, likely, reveal whether the defendants may be sued in Texas. Therefore, "due process" dictates that the Court err on the side of fairness to all parties. This position is also supported by the forum selection clauses contained in the original contract(s). The PSA agreements appear to be the basis of Alta Mesa's reorganization and reveal a forum selection clause that consented to jurisdiction in Texas. The defendants acquired, or now have, an interest in the assets.
>
> The Court does not decide here whether the consent in the PSAs followed the assets that the defendants[] acquired, simply that the merits of the plaintiff's claim and whether personal jurisdiction attached are intertwined such that fairness dictate[s] that personal jurisdiction follow the merits.[9]

---

[8] *See* February 14, 2025 Motion at 3–4, 17) (urging entitlement to "dismissal with prejudice"); February 14, 2025 Proposed Order (proposing "dismiss[al] with prejudice).; March 12, 2025 Reply at 3, 13 (requesting dismissal with prejudice).

[9] *See* April 16, 2025 Order. In addition to denying the Brown Defendants' motion to dismiss, the April 16 order also determined that "[GAR's] alternative motion to transfer this case is rendered Moot." GAR had filed the referenced "conditional" motion to

No. 25-20413

On April 29, 2025, GAR filed a "joint and otherwise unopposed motion" seeking a sixty-day extension of certain pretrial deadlines "in order to further prepare and properly present the case for trial."

On May 29, 2025, the district court granted the April 29, 2025 motion.[10]

---

transfer on March 5, 2025, requesting that, *if* the court were to find that any of the Brown Defendants are *not* subject to personal jurisdiction in the Southern District of Texas, the "action(s) as suitable" be severed and transferred pursuant to 28 U.S.C. § 1631, in the interest of justice, to federal courts with personal jurisdiction—Idaho (where Brown resides) and/or Arkansas (where Weiser- Brown and SROG are organized or have their principal place of business).

The Brown Defendants opposed the motion, arguing that a transfer that would "split the action" into three—one in Texas, one in Idaho against Brown, and another in Arkansas against Weiser-Brown and SROG—would not be in the interest of justice. They added: "Whether a product of [GAR's] carelessness or gamesmanship, it was [GAR's] decision to sue [the Brown Defendants] in this Court. Using section 1631 to save [GAR] from the consequences of its decision would not serve the interest of justice."

[10] The May 29, 2025 Order revised the September 30, 2024 Amended Scheduling Order as follows:

| | |
|---|---|
| New parties/class allegations by: | TBD |
| Plaintiff's experts to be designated by: | July 31, 2025 |
| Report furnished by: | July 31, 2025 |
| Defendant's experts to be designated by: | September 1, 2025 |
| Report furnished by: | September 1, 2025 |
| Discovery to be completed by: | December 1, 2025 |
| Dispositive motions due by: | December 15, 2025 |
| Docket Call at 11:30 AM: | January 5, 2026 |
| Estimated Trial Time: | TBA, Jury |

No. 25-20413

On June 25, 2025, the Brown Defendants deposed GAR's corporate representative.[11]

On July 30, 2025, GAR filed a notice of settlement between GAR and Defendants Hayes and Chappelle and moved by agreement with and non-opposition by the remaining defendants (the Brown Defendants) for a brief extension of the current respective deadlines for expert designation(s) and opening report(s) to enable the parties to further prepare and properly present the case for trial.

On August 8, 2025, the district court granted the July 30, 2025 motion.[12]

On August 11, 2025, the Brown Defendants filed their "Motion to Transfer Venue and, in the Alternative, Motion to Compel Arbitration" requesting that the case be immediately "transferred to the District of Idaho pursuant to 28 U.S.C. § 1404(a) for determination of [their] motion to compel arbitration or, if necessary, resolution of GAR's claims on the

---

[11] *See* June 16, 2025 Notice of Deposition; Appellee Brief at 24 n.55 (referencing June 25, 2025 deposition of corporate representative Michael Levey).

[12] The May 29, 2025 Scheduling Order was revised as follows:

| | |
|---|---|
| New parties/class allegations by: | TBD |
| Plaintiff's experts to be designated by: | September 8, 2025 |
| Report furnished by: | September 8, 2025 |
| Defendant's experts to be designated by: | October 8, 2025 |
| Report furnished by: | October 8, 2025 |
| Discovery to be completed by: | December 1, 2025 |
| Dispositive motions due by: | December 15, 2025 |
| Docket Call at 11:30 AM: | January 5, 2026 |
| Estimated Trial Time: | TBA, Jury |

No. 25-20413

merits." Alternatively, if transfer were denied, the motion requested that GAR's claims against them be compelled to arbitration.[13]

On September 16, 2025, the district court denied the Brown Defendants' motions.[14]

This interlocutory appeal of the arbitration ruling followed.[15] *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 738 (2023) ("When a federal district court denies a motion to compel arbitration, the losing party has a statutory right to an interlocutory appeal." (citing 9 U.S.C. § 16(a)).[16]

On September 30, 2025, the district court, on GAR's motion, certified this interlocutory appeal as "frivolous and dilatory warranting

---

[13] *See* August 11, 2025 Motion at 2 ("Should this Court decide that it—rather than the District of Idaho—will hear Defendants' motion to compel, the Convention requires the Court to compel this case to arbitration consistent with the terms of the Arbitration Agreement.").

[14] *See* September 16, 2025 Order.

[15] *See* Amended Notice of Appeal; Orig. Notice of Appeal.

[16] *See* 9 U.S.C. § 16 (a)(1)(C) (permitting appeal from an order "denying an application under [9 U.S.C. § 206] to compel arbitration"); 9 U.S.C. § 206 ("A court having jurisdiction under [Chapter 2 of Title 9 of the United States Code] may direct that arbitration be held in accordance with the agreement."); 9 U.S.C. Ch. 2 ("Chapter Two—Convention on the Recognition and Enforcement of Foreign Arbitral Awards").

No. 25-20413

summary disposition." As a result of that certification, proceedings in district court have continued[17] despite the pendency of this appeal.[18]

---

[17] According to the district court's Case Management/Electronic Case Filing (CM/ECF) system, the parties filed a joint motion on December 5, 2025, seeking to continue the docket call set for January 5, 2026 until "late January, 2026," but "leav[e] the remaining deadlines as currently set." *See Global Advantech Resources, Ltd. v. Hayes, et al.*, No. 4:22-cv-03968 (S.D. Tex.). The district court's December 10, 2025 order canceled the docket call set for January 5, 2026 "pending appeal." *Id.* On December 15, 2025, the Brown Defendants filed a motion for summary judgment.

[18] S*ee BancPass, Inc. v. Highway Toll Admin., L.L.C.*, 863 F.3d 391, 398, 400 (5th Cir. 2017) (recognizing an "exception to the usual rule that 'a notice of appeal . . . [gives] the appellate court sole jurisdiction and divest[s] the trial court of jurisdiction to proceed with the case,'" in the context of an interlocutory appeal of the denial of an immunity defense, provided that the district court "elect[s] to make the [written] findings necessary to a demonstration of frivolousness or forfeiture [of entitlement to a pretrial appeal]" (first quoting *United States v. Dunbar*, 611 F.2d 985, 987 (5th Cir. 1980); and then quoting *Apostol v. Gallion*, 870 F.2d 1335, 1340 (7th Cir. 1989)); *Dunbar*, 611 F.2d at 988 ("Henceforth, the district courts, in any denial of a double jeopardy motion, should make written findings determining whether the motion is frivolous or nonfrivolous. If the claim is found to be frivolous, the filing of a notice of appeal by the defendant shall not divest the district court of jurisdiction over the case."); *see also Coinbase, Inc.*, 599 U.S. at 738 (concluding that a district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing, reasoning that "courts of appeals possess robust tools to prevent unwarranted delay and deter frivolous interlocutory appeals."); *id.* ("For example, a party can ask the court of appeals to summarily affirm, to expedite an interlocutory appeal, or to dismiss the interlocutory appeal as frivolous. In addition, nearly every circuit has developed a process by which a district court itself may certify that an interlocutory appeal is frivolous."); *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 629 (2009) (recognizing that 9 U.S.C. § 16(a)(1)(A) permits interlocutory appeals of orders "refusing a stay of any action under [9 U.S.C. § 3]" and that "[a]ppellate courts can streamline the disposition of meritless claims and even authorize the district court's retention of" a case "when an [interlocutory] appeal is certified as frivolous"); *Behrens v. Pelletier*, 516 U.S. 299, 310–11 (1996) (explaining that district courts' appropriately certifying interlocutory appeal of immunity as "frivolous," in accordance with "practice . . . embraced by several Circuits, enables the district court to retain jurisdiction pending summary disposition of the appeal, and thereby minimize[] disruption of the ongoing proceedings").

II.

Our review of a district court's determination of a motion to compel arbitration is de novo. *Garcia v. Fuentes Rest. Mgmt. Servs. Inc.*, 141 F.4th 671, 677 (5th Cir. 2025). Our review of any factual findings underlying that determination is for clear error. *Id.* "When a district court denies a motion to compel due to waiver, '[w]e review the issue of whether a party's conduct amounts to a waiver of arbitration de novo.'" *Id.* (alteration in original) (quoting *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 326 (5th Cir. 1999)).

A "district court's non-application of intertwined-claims estoppel [to enforce an arbitration agreement] is reviewed for abuse of discretion." *Newman v. Plains All Am. Pipeline, L.P.*, 23 F.4th 393, 407 (5th Cir. 2022); *see also Cure & Assocs., P.C. v. LPL Fin. L.L.C.*, 118 F.4th 663, 668 (5th Cir. 2024) ("[T]he court review[s] for abuse of discretion a district court's determination of whether equitable estoppel may be invoked to compel arbitration." (quoting *Bufkin Enters., L.L.C. v. Indian Harbor Ins. Co.*, 96 F.4th 726, 729 (5th Cir. 2024))). "To constitute an abuse of discretion, the district court's decision must be either premised on an application of the law that is erroneous, or on an assessment of the evidence that is clearly erroneous." *Cure & Assocs.*, 118 F.4th at 668–69 (quoting *Bufkin,* 96 F.4th at 729 (quoting *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 528 (5th Cir. 2000))).

Regrettably, our review of the district court's denial of the Brown Defendants' motion to compel arbitration has been unnecessarily complicated and time-consuming by virtue of the court's failure to provide even a summary explanation of the legal and factual bases for its ruling (despite the multiple and varied arguments GAR presented in opposition to

No. 25-20413

the motion).[19] In fact, the September 16, 2025 order simply adopts the conclusory language set forth in the proposed order submitted by GAR, specifically:

Pending before the Court are [the Brown Defendants'] Motion to Transfer and Compel Arbitration [ECF 104] and corresponding Motion to Stay [ECF 105]. The Court, having considered Movants' Motion to Transfer and Compel Arbitration and corresponding Motion to Stay and all matters on file and before it, is of the opinion that Movants' Motion to Transfer and Compel Arbitration and corresponding Motion to Stay should be **DENIED**. It is, therefore,

**ORDERED** that Movants' Motion to Transfer and Compel Arbitration and accompanying Motion to Stay are hereby **DENIED** [sic] to the extent that the parties are unable to complete discovery and/or answer for trial, the Court directs the parties to confer and submit an agreement that reasonably extends pretrial and trial dates.

It is so ORDERED.

The same is true of the court's September 30, 2025 order certifying the Brown Defendants' interlocutory appeal as "frivolous and dilatory" and electing to retain jurisdiction pending disposition of the appeal. It states, in pertinent part:

IT IS ORDERED that Plaintiff's Renewed Opposed Motion [ECF 123] to Certify Defendants' Amended Notice of Interlocutory Appeal [ECF 121] as frivolous and/or dilatory is GRANTED.

IT IS FURTHER ORDERED that the Court accordingly finds Defendants' Amended Notice of Interlocutory Appeal [ECF 121] of the Court's Order [ECF

---

[19] *See* Appellee Brief at 26-27 (listing/summarizing grounds of GAR's opposition).

No. 25-20413

114] Denying Defendants' Motion to Transfer and Compel Arbitration [ECF 104] is frivolous and dilatory warranting summary disposition.

IT IS FURTHER ORDERED that the Court hereby elects to retain jurisdiction pending summary disposition of Defendants' interlocutory appeal in furtherance of proceeding as scheduled.

It is so ORDERED.

Given these circumstances, we considered remanding for the district court to provide a statement of reasons for its ruling.[20] But our painstaking

---

[20] Of course, we are aware that Rule 52(a)(3) of the Federal Rules of Civil Procedure provides: "The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion." Fed. R. Civ. P. 56 (a)(3). But, as we have said many times, adequate explanation of the basis of the district court's ruling ensures effective appellate court review. *See, e.g.*, *Heller v. Namer*, 666 F.2d 905, 911 (5th Cir. 1982) (addressing grants of summary judgment); *Liberty Mut. Ins. Co. v. Brown*, 86 F. App'x 718, 719 (5th Cir. 2004) ("[T]he parties are entitled to know the reasons upon which summary judgment was based, if for no other reason than to secure meaningful appellate review."). A lengthy, detailed recitation of reasons is unnecessary. Certainly, a concise explanation can be brief but yet sufficiently informative. In fact, a statement that the court's decision is made "for the reasons set forth in [a party's] brief" or that "[one of the parties] has the better argument, is persuasive, etc.," sometimes is enough.

In instances where "we have no notion of the basis for a district court's decision, because its reasoning is vague or was simply left unsaid, [such that] there is little opportunity for effective review[] . . . , we have not hesitated to remand the case for an illumination of the court's analysis through some formal or informal statement of reasons." *Myers v. Gulf Oil Corp.*, 731 F.2d 281, 283–84 (5th Cir. 1984) (discussing grants of summary judgment); *id.* at 284 ("Because the District Court gives no indication from which we can accurately predict its basis for granting summary judgment for Gulf, we cannot adequately review its decision. Thus, we vacate the Order and remand for findings and conclusions consistent with this opinion."). A limited remand for this purpose also may be warranted where an "appellate court cannot ascertain which of several theories formed the basis for the [district court's decision]." *Liberty Mut. Ins. Co.*, 86 F. App'x at 719. Or where it is not apparent that the district court has considered all relevant factors. *See In re Media Matters for Am.*, 143 F.4th 631, 639–40 (5th Cir. 2025).

No. 25-20413

examination of the record has convinced us that doing so is not strictly necessary. Our rigorous assessment of the record and the parties' appellate submissions—connecting all the dots—has rendered us sufficiently confident that the district court denied the Brown Defendants' motion to compel arbitration because it determined that they had waived their right to require GAR's claims be adjudicated by arbitration rather than litigation.[21]

## III.

Waiver is "the intentional relinquishment or abandonment of a known right." *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417 (2022) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). "The right to arbitrate a dispute, like all contract rights, is subject to waiver." *Nicholas v. KBR, Inc.*, 565 F.3d 904, 907 (5th Cir. 2009). Waiver may be express or implied from conduct. *See Garcia*, 141 F.4th at 677 n.5. In this appeal, our focus is the latter. *Id.*

## A.

"[T]o determine whether the right to arbitrate was [impliedly] waived . . . , we now ask whether the [moving] party 'knowingly relinquish[ed] the right to arbitrate by acting inconsistently with that right.'" *Id.* at 676 (quoting *Morgan*, 596 U.S. at 419). Showing that a party has "substantially invoked the judicial process" is "one way of demonstrating that a party waived its right [to arbitrate]." *Id.*[22] To substantially invoke the judicial process, a party must "at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation

---

[21] On the instant record, we agree with GAR's assertion that the issue of "waiver by litigation conduct" is properly decided by the court rather than the arbitrator. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 999 F.3d 257, 264–65 (5th Cir. 2021); *Vine v. PLS Fin. Servs., Inc.*, 689 F. App'x 800, 802–04 (5th Cir. 2017).

[22] "We use the term [invoke] to describe the act of implementing or enforcing the judicial process[.]" *Vine*, 689 F. App'x at 804 (first alteration in original).

No. 25-20413

rather than arbitration." *Id.* at 676 n.4 (quoting *In re Mirant Corp.*, 613 F.3d 584, 589 (5th Cir. 2010)). Thus, when the moving party is a defendant, the court must assess whether the defendant, during the course of the litigation, has acted in such a manner that the law deems the defendant to have acquiesced to having the claims at issue adjudicated by means of court litigation rather than arbitration.

"[A] bright-line rule is inappropriate for deciding whether a party has waived its right to arbitration." *Id.* at 677 (quoting *Mirant*, 613 F.3d at 589). Rather, "whether a party waived its right to arbitrate is necessarily fact-intensive; thus, a fact that weighs in favor of waiver in one case may not carry any weight in another." *Id.* "We consider the totality of the circumstances[,]" and "evaluate the issue of delay 'objectively, independent of motivation,' considering it in light of all of the facts." *Id.* at 677, 680 (quoting *Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 578 (5th Cir. 1991)).[23]

### B.

In this instance, having considered the entirety of the circumstances and applicable law, we are convinced that the district court correctly determined that the Brown Defendants waived—intentionally relinquished—their arbitration rights vis-à-vis GAR's claims by substantially invoking the judicial process. As detailed in the case chronology set forth above, the Brown Defendants' litigation conduct demonstrates their knowing acquiescence to a judicial determination of GAR's claim.

---

[23] As we explained in *Walker*:

> The question simply is whether [a party] still retains a right to invoke its arbitration agreement. If so, it can for whatever reason; if not, then it cannot, no matter how pure its motives.

938 F.2d at 578.

No. 25-20413

Notably, neither of the Brown Defendants' two Rule 12(b) motions to dismiss—the first of which included jurisdictional *and* merits-based grounds for dismissal—asserted a right to arbitrate.[24] Just as they did with their Rule 12(b)(6) motion, the Brown Defendants *could* have filed simultaneous motions to dismiss for lack of personal jurisdiction and to compel arbitration without prejudicing their jurisdictional challenge.[25] Likewise, a right to arbitrate (unlike the Brown Defendants' personal jurisdiction challenge) was neither expressly reserved in their October 10, 2024 Answer nor included in the thirty-two (32) affirmative defenses asserted therein.

---

[24] "[G]iven the variety of motions to dismiss under 12(b)(6), along with the differing consequences that attend them, we have held that simply filing a motion to dismiss can be, but is not necessarily, enough to waive arbitration rights." *Pumphrey v. Triad Life Scis., Inc.*, No. 24-60028, 2024 WL 4100495, at *3 (5th Cir. Sept. 6, 2024) (citing *Mirant*, 613 F.3d at 589). "[I]n some instances, a defendant can attempt to adjudicate the merits of a plaintiff's claim under a Rule 12(b)(6) motion, asserting either that there is a fundamental flaw in the plaintiff's legal theory, *see, e.g.*, *Nietzke v. Williams*, 490 U.S. 319, 326–27 (1989), or that the defendant is entitled to dismissal based on an affirmative defense, *see, e.g.*, *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)." *Id.* at *2. "In those instances, when amending the complaint may be "futile," granting a motion to dismiss can result in dismissing a plaintiff's claims with prejudice." *Id.* (internal citations omitted). Finally, where multiple amendments of the complaint have been allowed, an order granting a Rule 12(b)(6) motion may dismiss with prejudice. *See Mirant*, 613 F.3d at 588–89; *see also D&T Partners, L.L.C. v. Baymark Partners Mgmt., L.L.C.*, 98 F.4th 198, 210 (5th Cir.) ("We review 'the district court's decision to grant a motion to dismiss with or without prejudice only for abuse of discretion.'" (quoting *Club Retro, L.L.C., v. Hilton*, 568 F.3d 181, 215 n.34 (5th Cir. 2009), *cert. denied*, 145 S. Ct. 264 (2024)).

[25] *See Hines v. Stamos*, 111 F.4th 551, 563–66 (5th Cir. 2024) (acknowledging that defendants frequently file such simultaneous motions and confirming that district courts are required to resolve the threshold jurisdictional disputes *before* resolving arbitrability); *id.* at 562–63 ("Assuming without deciding that a motion to compel arbitration is a request for 'affirmative relief,' that request, by itself, is insufficient to consent to personal jurisdiction when a defendant has continuously objected to personal jurisdiction."); *id.* at 563 n.39 (listing cases where defendants "moved to dismiss for lack of personal jurisdiction or, alternatively, to compel international arbitration" or filed a "motion to compel arbitration and, alternatively, motion to dismiss for lack of personal jurisdiction").

These facts distinguish this case from those that the Brown Defendants cite in support of their position. *See Garcia*, 141 F.4th at 679 n.7 (distinguishing prior cases' procedural postures); *KeyTrade USA, Inc. v. AIN Temouchent M/V*, 404 F.3d 891, 897–98 (5th Cir. 2005) (emphasizing that a defense asserted in the answer "called on the district court to refer the case to arbitration" and that a defensive motion for summary judgment was filed concurrently with the motion to compel arbitration); *Williams v. Cigna Fin. Advisors, Inc.*, 56 F.3d 656, 661–62 (5th Cir. 1995) (emphasizing that the answer came *after* a motion for stay pending arbitration); *Walker*, 938 F.2d at 576–77 (emphasizing that the party seeking arbitration had not previously "ask[ed] the court to make any judicial decisions"); *Tenneco Resins, Inc. v. Davy Int'l, AG*, 770 F.2d 416–17, 420–21 (5th Cir. 1985) (repeatedly emphasizing that the answer "alleged as a defense that the action should be dismissed because the dispute was covered by a valid and enforceable arbitration clause in the contract between the parties").[26]

In *Garcia*, we made this very point relative to a defendant's answering a complaint but failing to mention an arbitration agreement in its numerous affirmative defenses. 141 F.4th at 679. Citing the Supreme Court's discussion in *Morgan*, we explained: "Answering a complaint does not typically suggest that a party has substantially invoked the judicial process[,] . . . [b]ut that is not to say that filing an answer can *never* contribute to such a finding." *Id.* at 679.

---

[26] *See also Mirant*, 613 F.3d at 589–90 (explaining that a party will not waive arbitration by "seeking a decision on the merits" if a dispositive motion is submitted "only as an alternative to a motion to compel arbitration" because "[i]n those circumstances, there is no attempt to game the system by seeking a decision on the merits while keeping the arbitration option as a backup plan in case the effort fails").

Furthermore, even when seeking dismissal for lack of personal jurisdiction, in addition to urging that GAR's claims were time-barred and otherwise legally flawed, the Brown Defendants' Rule 12 motions sought dismissal *with* prejudice.[27] Surely a party's *repeated* requests for dismissal with prejudice, unaccompanied by any reservation of a right to seek arbitration in its motions, or in one of the thirty-two affirmative defenses asserted in its Answer, signal a desire to resolve an arbitrable dispute through litigation. *Cf. Mirant,* 613 F.3d at 589 (concluding that arbitration was waived where the movant filed a motion seeking dismissal with prejudice for failure to state a claim *before* moving to compel arbitration).

In any event, even after the district court denied their renewed motion to dismiss on April 16, 2025, such that the existence of personal jurisdiction would be determined with the merits, the Brown Defendants still did not move to compel arbitration, seek to amend their Answer to assert a right to arbitrate, or even query whether the other parties were amenable to arbitration. Instead, the Brown Defendants conducted merits-based discovery, including the June 25, 2025 deposition of GAR's corporate representative, and twice joined GAR in requesting extensions of various pretrial deadlines (to allow the parties sufficient time for more discovery and

---

[27] It is well-settled that dismissals for lack of personal jurisdiction are supposed to be *without* prejudice. *See, e.g.*, *Pace v. Cirrus Design Corp.*, No. 23-60465, 2024 WL 2817567, at *2 (5th Cir. June 3, 2024) ("[B]ecause the *merits* of Pace's claims against these defendants have never been decided, the dismissal should have been without prejudice."); *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 632 n.2 (5th Cir. 1999) ("[T]he district court's judgment [purporting to dismiss with prejudice] can have no effect as a dismissal with prejudice but must be considered as a dismissal for lack of personal jurisdiction, which is not a judgment on the merits.").

to prepare for a January 2026 jury trial), before finally asserting a right to arbitrate (more than two years into the litigation) on August 11, 2025.

Though we have recognized that a court should not infer waiver of arbitration from "minimal discovery," *Garcia*, 141 F.4th at 678 (internal citations omitted), we also have reasoned, because of potential prejudice and differing arbitration rules regarding discovery, that "[p]arties cannot enjoy the benefits of federal discovery, and then, after doing so, seek to enforce a decision through private resolution," *Janvey v. Alguire*, 847 F.3d 231, 244 (5th Cir. 2017). In this instance, the Brown Defendants have not demonstrated that the discovery undertaken was "minimal"; nor have they addressed the scope of discovery permitted by the London Court of International Arbitration (LCIA) Rules.

Given the significant consumption of limited judicial resources that accompanies every lawsuit filed, and certainly those pending for years, though "we no longer search for prejudice due to delay, we still find value in an objective consideration of the duration of the proceedings when determining whether there has been a substantial invocation of the judicial process." *Garcia*, 141 F.4th at 680 n.8. And "[w]e frown upon attempts 'to switch judicial horses in midstream' due to 'poor judgment . . . or poor foresight.'" *Id.* at 680 (quoting *Walker*, 938 F.2d at 577). As we reasoned in *Walker*:

> In general, we do not look kindly upon parties who use federal courts to advance their causes and then seek to finish their suits in the alternate fora that they could have proceeded to immediately. Such actions waste the time of both the courts and the opposing parties. The decision whether to arbitrate is one best made at the onset of the case, and not part of the way through[.]

938 F.2d at 577.

No. 25-20413

Finally, the Brown Defendants' vague assertions regarding the purported significance of the June 25, 2025 deposition of GAR's corporate representative fail to convince us that the district court erred in denying their motion to compel arbitration. Specifically, the September 8, 2025 reply submitted to the district court states: "[I]t was only after the June 25, 2025 deposition of Plaintiff's corporate representative that the role of the NDA (and [the Brown] Defendants' estoppel arguments) in this lawsuit came fully into frame." And, on appeal, the Brown Appellants urge: "[O]n June 25, 2025, Appellants participated in the deposition of Appellee's corporate representative, after which the role of the NDA with regard to Appellee's Claims came fully into frame." We assume (but are not certain) that these assertions, though stated differently, attempt to make the same point.

Regardless, as GAR points out, the Brown Defendants have had the *three-page* NDA from the outset of this litigation. And from the filing of their first motion, the Brown Defendants have insisted that GAR's claims seek to hold the Brown Defendants liable in tort for alleged breaches of the NDA. Furthermore, the agreement's arbitration clause is easily found. In fact, it is on the same page (two) as the allegedly violated non-disclosure and non-circumvention provisions. Thus, cases finding no waiver of arbitration where the moving party reasonably had been unaware of an arbitration agreement, but promptly sought to enforce it upon discovery, have no application here. *See, e.g., Williams*, 56 F.3d at 661.

## C.

We are not certain why the Brown Defendants now seek to have an arbitrator, rather than a court, and the jury they previously demanded, adjudicate GAR's claims. But, ultimately, it does not matter. They cannot

22

now regain a right that they, through their litigation conduct, have relinquished.[28]

We AFFIRM.[29]

_____

[28] Whether there may be particular circumstances that would enable a party to revoke a waiver of arbitration is a question that we need not and do not consider today.

[29] Given this disposition, the pending motion in the alternative for summary affirmance is DENIED as MOOT.